*119
 
 Pearson, J.
 

 The plaintiff and the defendants own lots Nos. 5 and 4, in the town of Newbern, which are separated by Pollock street. The plaintiff has on his lot, No! 5, a comfortable brick dwelling house and out-houses, in which he has resided a great many years. The defendants, in 1847, erected on the lot No. 8, a turpentine distillery, sitúa» ted about one hundred yards from the plaintiff’s house, and about eighty yards from his nearest out house, in a direction north of east; and have there carried on the business of distilling turpentine, ever since. The bill was filed in July, 1847. It alleges, that the defendants are about to erect a distillery ; that it will" be so near the lot and dwelling house of the plaintiff, as to be a nuisance to him in two ways : turpentine being an inflammable substance, the distillery will be apt to catch fire, which will be communicated to the buildings of the plaintiff; and, in the second place, the operation of the distillery will produce a vast quantity, of “smoke, blacks and soot,” which will spread over the lot of the plaintiff enter his dwelling and other houses, and soil the clothes and furniture and persons of himself and family. He, therefore, prays for a perpetual injunction against the erection and carrying on of the distillery.
 

 The defendants admit that it is their intention to erect the distillery, but they allege,- that the plaintiff will not be at all in danger of fire therefrom: for, although turpentine is inflammable, yet a fire from the distillery will not cofrimu-nicaie itself at the distance of the plaintiff’s houses: for the fire arising therefrom, (supposing them to be so unfortunate as, from 'accident or neglect, to have their distillery take fire,) will emit such a thick smoke, as to prevent sparks and, in fact, emit butdittle heat; and they aver that, although there have been many distilleries of turpentine in the town of Newbern; during the last fifty years, kept constantly in operation, and several of them have been con
 
 *120
 
 sumed by fire, yet, in no one instance, has fire ever been communicated toother buildings. They deny that “the smoke, blacks and soots” issuing from their distillery will spread over the lot oí the plaintiff, so as to annoy him or his family ; for, they say, this “ smoke, blacks and soots’’ which sometimes issue from turpentine distilleries, are not a necessary consequence of the operation, but result from the practice of keeping up the fire.by burning “ scrapings,’’ (by which is meant the chips, bark, &c. which settle at the bottom of barrels of turpentine, and, being saturated therewith, make a quick fire.) If pine wood is used, there is but little smoke, and no blacks or soot, that will go over fifty-yards ; and if oak wood is used, neither “'smoke, blacks or soot” will be generated, so as to be carried, even by a direct wind, to the lot of the plaintiff. They aver, that such distilleries have been in operation within the town of New-bern, for many years past; that it is believed they have contributed much to the health of the place ; and, it is certain, they have added much
 
 to
 
 its business and prosperity.
 

 Thebillis sworn to, but no application for an injunction was made, and the defendants erected the distillery, and have since been carrying on the operation.
 

 The erection of the distillery is complained of as a private nuisance. There is no allegation that it would be injurious to the town, or any considerable part of it. It is true, the plaintiff alleges, that many of his neighbors will be subjected to a like inconvenience; but they do not join with him in making the complaint, and there is no proof in regard to them. We are, therefore, to consider ol it in the light of a private nuisance. As to a nuisance of this kind, the jurisdiction of Courts of Ecfuity to interfere, by injunction, is-of recent origin, and is always exercised sparingly,- and with great cautiob; because if, in fact, there be a nuisance, there is an adequate romody at law, by successive
 
 *121
 
 actions on the case.
 
 Att’y General
 
 v
 
 Nichols,
 
 1 Ves. 338: an anonymous case before Lord Thurlow, 1 Vesey Jr. 140,
 

 There is an obvious difference between a thing, which is, a nuisance of itself, and one which may, or may not, be a nuisance,, according to the manner in which it is used. The present case comes under the latter head. From the.proof it seems, that, it the fire is kept up by burning “ scrapings,” the “ smoke, blacks and soot” will be carried to the lot of the plaintiff, when the wind is north of east; If pine wood be used, this result may also follow, but in a very slight de-. gree ; and if ash wood be used, then the plaintiff will not be at all affected, without reference to the wind. So the annoyance to the plaintiff must be looked upon as contingent. It depends on the wind, and on the kind of fuel, which may be used. In such cases, it is settled, that this Court will not interfere until the fact of
 
 “nuisance”
 
 has been established, by an action at law.
 
 Earl of Ripon v Hobart,
 
 8 Eng. C. L. Rep. 336.
 

 Again:
 
 This bill was filed July, 1847. The plaintiff did not
 
 then
 
 move for an injunction (possibly because of an unwillingness to give the bond.) In the meantime, the defendants have gone on,
 
 as they had a right to do,
 
 and erected the distillery, and have kept it in constant operation for near five years. It is a clear principle of equity — so clear as to strike every one at the first blush — that, where a party, instead of taking an injunction in the first instance, stands by, and allows the other to make an outlay of his money, in erecting buildings and other fixtures : if, at the
 
 hearing,
 
 he prays for a perpetual injunction, he must do so on the ground, that, in the meantime, the fact of “nuisance has been established by an action at law ; or, at all events, he must support his application by
 
 strong and unanswerable proof
 
 of nuisance.” If this principle needs any autho-aity for its support, it will be found in the case last above cited.
 

 
 *122
 
 So far from strong and unanswerable proof of actual nuisance, in the present case, since the creation of the distillery, the plaintiff offers no proof of it whatever. On the contrary, the proof, as to this matter, is on the other sic[e. The defendants, upon cross examination, ask all of the witnesses called by the plaintiff, who have had an opportunity of seeing it, whether the walls of the plaintiff's building are blackened, or give any other indication of ever having been touched by “ smoke, blacks or sootwhether they have ever seen the smoke issuing from the distillery reach, and settle upon, the plaintiff’s lot
 
 1
 
 They all answer in the negative. The defendants called several witnesses, who proved the same fact, or rather, who disprove the fact of nuisance.
 

 Upon the allegation ot nuisance, by reason of the exposure to fire, the testimony is conflicting, and the question is. left, at least, doubtful. It is proved, that many distilleries have been in operation, within the town, for many years past, and no fire has ever been occasioned by them. It would' seem, that the exposure to fire from a distillery, at a distance of one hundred yards, is not greater than from the erection of an ordinary dwelling house and out-buildings, constructed of wood, on an adjoining lot.
 

 It must be declared to be the opinion of the Court, that, under those circumstances and with this proof, the plaintiff is not entitled .to the relief prayed for.
 

 Per Curiam. The bill dismissed with costs.