R. H. PRUITT, J. E. NEWMAN ET AL. v. MARY BETHELL.

(Filed 31 October, 1917.)

**Nuisance—Abatement—Special Damages—Sickness—Mosquitoes.**

An action by an individual to abate a nuisance cannot be successfully resisted on the ground that no special damage to the plaintiff has been shown, when it appears that the nuisance complained of was by defendant causing water to be ponded on adjoining lands, which bred fever-carrying mosquitoes, thereby inflicting sickness on the plaintiff and his family, though others in the community suffered sickness from the same cause. Revisal, sec. 825.

APPEAL by both parties from *Harding, J.,* at February Term, 1917, of ROCKINGHAM.

The plaintiffs, owners of land adjoining and adjacent to Wolf Island Creek, above the defendant's dam and pond, declared on two causes of action—(1) for the abatement of the dam and pond as a nuisance, because it created conditions where the anopheles mosquito was bred in large quantities, which infected the plaintiffs and their tenants with germs of malarial fever; and (2) to recover damages, for that the dam

PRUITT v. BETHELL.

caused the water to be ponded on their bottom lands, rendering them unfit for cultivation. The ownership of the land was not in dispute. The jury found that the defendant maintained on the premises a public nuisance, as alleged in the complaint. There were several issues submitted as to damages for injury to the land of the several plaintiffs, which were found against them. The plaintiffs' appeal was for alleged error as to these latter issues, but they do not press that appeal in this Court.

The court, upon the finding on the first issue, adjudged that "the defendant abate said nuisance within 90 days after final decree herein, by tearing out said dam and removing the same, and by taking all other reasonably necessary steps as will prevent a continuance of the conditions creating and constituting said nuisance, so far as the same are within her control." The defendant appeals from this judgment and assigns as error the judgment that the defendant shall abate the nuisance by tearing out and removing the dam.

*J. M. Sharp, J. R. Joyce, P. W. Glidewell, and Manly, Hendren & Womble for plaintiffs.*

*Jerome, Scales & Jerome for defendant.*

CLARK, C. J. The defendant contends that a public nuisance cannot be abated in a civil action by a private individual without showing some special damage to the plaintiff; that the State alone can abate a public nuisance, in the absence of special damage to the individual, and points out that the jury have found that there was no damage shown to the lands of the plaintiffs by reason of ponding water thereon.

The latter allegation, which the jury negatived, was on the second cause of action. As to the first cause of action, the case on appeal states "There was evidence introduced tending to show that the defendant's dam and pond, for the reasons alleged in the complaint, created numerous stagnant pools and ponds in the lowlands adjacent and adjoining the creek, where the anopheles mosquito was hatched and lived in vast numbers. *There was no dispute* about the existence of these breeding places, the witnesses on both sides testifying to their existence to the vast number of mosquitoes that hatched and lived in and around these pools and ponds. Nor was there any dispute about the existence of malaria, fever, and chills in the neighborhood, which was caused by the anopheles mosquito; *nor was it disputed* that the plaintiffs, their families, and tenants, as well as practically all those living near the dam and the creek for a distance of several miles up the creek, suffered from chills and fever caused by the anopheles mosquito, and in consequence thereof incurred medical bills and lost time from their work, and were injured

PRUITT *v.* BETHELL.

in their health and in the comfortable enjoyment of their homes, and that their work on the farm and the cultivation of the farm was interfered with on account of the chills and fever."

"It was further in evidence that this condition has existed for several years prior to the trial, increasing within the last two or three years, and that the mosquitoes that hatched and lived in and around the pond and pools, created by the dam and pond, were the cause of the chills and fever with which the plaintiffs and their tenants and others suffered. This evidence came in part from facts elicited on cross-examination of defendant's experts as to the flight and range of the mosquito."

There was detailed evidence set out in the record bearing particularly on the extent to which plaintiffs and their tenants suffered and were injured by reason of said chills and fever.

The defendant contends strenuously that the plaintiffs are not entitled to judgment for the abatement of a public nuisance, quoting *Dunn v. Stone,* 4 N. C., 241 (decided in 1818), as follows: "For any of those acts which are in the nature of a public nuisance, *no individual is entitled to an action* unless he has received extraordinary and particular damage not common to the rest of the citizens." The defendant also relies upon *McManus v. R. R.,* 150 N. C., 656, in which *Hoke, J.,* said: "It is very generally held, uniformly, so far as we have examined, both here and elsewhere, that in order for a private citizen to sustain an action by reason of a public nuisance, he must establish some damage or injury special and peculiar to himself and differing in kind and degree from that suffered in common with the general public." But in this case there was a finding that the plaintiffs did establish some damage or injury special and peculiar to themselves and differing in kind and degree from that suffered in common with the general public, "as alleged in the complaint."

In *McManus v. R. R., Hoke, J.,* quoted from *Chief Justice Bigelow* in *Wesson v. Washburn,* 95 Mass., as follows: "But there is another class of cases, in which the essence of the wrong consists in an invasion of private rights, and in which the public offense is committed, not merely by doing an act which causes injury, annoyance, and discomfort to one or several persons who may come within the sphere of its operation or influence, but by doing it in such place and in such manner that the aggregation of private injuries becomes so great and extensive as to constitute a public annoyance and inconvenience and a wrong against the community, which may be properly the subject of a public prosecution. But it has never been held, so far as we know, that in cases of this character the injury to private property, or to the health and comfort of individuals, becomes merged in the public wrong so as to take away from the persons injured the right which they would

otherwise have to maintain actions to recover damages which each may have sustained in his person or estate from the wrongful act.  .  .  . The real distinction would seem to be this: that when the wrongful act is of itself a disturbance or obstruction only to the exercise of a common and public right, the sole remedy is by public prosecution, unless special damage is caused to individuals. In such case the act of itself does no wrong to individuals distinct from that done to the whole community. But when the alleged nuisance would constitute a private wrong, by injuring property or health, or creating personal inconvenience and annoyance, for which an action might be maintained in favor of a person injured, it is none the less actionable because the wrong is committed in a manner and under circumstances which would render the guilty party liable to indictment for a common nuisance." See *Mfg. Co. v. R. R.,* 117 N. C., 579.

To this *Judge Hoke* added (150 N. C., at p. 661): "Where a nuisance has been established, working harm to the rights of an individual citizen, the law of our State is searching and adequate to afford an injured person ample redress, both by remedial and preventative remedies, as will be readily seen by reference to numerous decisions of the Court on the subject. Revisal, sec. 825; *Cherry v. Williams,* 147 N. C., 452; *Pedrick v. R. R., supra; Reyburn v. Sawyer,* 135 N. C., 328; *Mfg. Co. v. R. R., supra; Raleigh v. Hunter,* 16 N. C., 12; *Tarboro v. Blount,* 11 N. C., 384; *R. R. v. First Baptist Church,* 108 U. S., 318."

The opinion in the *McManus case* is a very interesting, valuable and full discussion of the subject, and is conclusive of this controversy. It appears in this case that it is alleged, and there was evidence, that the plaintiffs did sustain special damages in the manner above set out, on which the jury have found on the first issue the nuisance "as alleged in the complaint." This is not negatived by the finding on the second cause of action that the land of the plaintiffs was not damaged by water being ponded thereon.

Indeed, Revisal, 825, has modified the former law as to public nuisances, and provides: "Injuries remediable by the old writ of nuisance are subjects of action as other injuries, and in such action there may be judgment for damages or for the removal of the nuisance, or for both."

In the *McManus case, supra,* there were no admissions, evidence, or findings of injuries special to the plaintiffs, as in this case. And the jury responded to the issues that there was a public nuisance, but that the plaintiff had suffered no special damage thereby. In this case it was "without dispute" that the plaintiff suffered from malaria caused by anopheles mosquitoes, which were numerous, and it was alleged and is found by the jury that the breeding places were created by the defend-

ant's dam, which was a nuisance, working harm to the rights of the individual citizens, who were the plaintiffs.

It was neither alleged, nor in proof, that the judgment of abatement by removing the dam was too drastic, in that the same result could have been attained by the defendant (as in New Jersey and elsewhere) systematically oiling the surface of the breeding places of the mosquito, caused by the dam, nor did the defendant offer to do this, nor request an alternative judgment permitting her to resort, in the first instance, to this method of abatement of the nuisance.

In both appeals

No error.