D. FRANCISCO ET AL., APPELLEES, V. LEONARD, E. FURRY ET AL., APPELLANTS.

FILED DECEMBER 5, 1908. No. 15,395.

1. **Nuisance: FEED YARD: INJUNCTION.** A decree enjoining the use of a feed yard and limiting the use of the owner to the yarding of cattle and hogs therein temporarily and in limited numbers, where the evidence does not make it apparent that it cannot be used as a feed yard without becoming a nuisance, is erroneous.

2. **Injunction: AFFIDAVITS.** Section 262 of the code authorizes the use of affidavits on an application for a temporary injunction, and not on the final hearing.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed.*

*W. H. Miller, J. P. A. Black* and *George A. Adams,* for appellants.

*A. H. Byrum, contra.*

DUFFIE, C.

The plaintiffs brought this action to enjoin the defendants from maintaining a feed yard, and keeping and feeding cattle and hogs on block 19, in Gage's addition to the city of Franklin. It is alleged in this petition that block 19 is adjacent to a thickly settled part of the city, and that by reason of the filthy and unclean condition of the yard obnoxious exhalations and offensive smells emanate therefrom, and affect and corrupt the air to such an extent that the same has become a nuisance, dangerous to the health, and greatly interfering with a comfortable en-

joyment of the plaintiff's dwelling, as well as those of other people residing in the neighborhood.

The district court upon a final hearing entered a decree, the material part of which is in the following words: "The court, therefore, hereby forever enjoins said defendants or any of them, their representatives or grantees, from the further use of said yards for the feeding of a large number of cattle and hogs, or from the feeding of a large number of either cattle or hogs in said yard. * * * The court further finds and does hereby decree that this decree and injunction shall not in any manner deprive the said defendants from the yarding and keeping of a reasonable number of cattle from time to time, where the said cattle are only being kept there for temporary purposes, and not in such numbers as to become in any manner a nuisance. And it is the decree of this court that the said yards can be used by the said defendants for the purpose of keeping a reasonable number of hogs for feeding, provided that the said defendants do not keep hogs in said yards in such numbers as to in any manner become a nuisance." The defendants have appealed.

The testimony coming from the witnesses of the two parties to the suit is sharply conflicting. If the testimony of the plaintiffs' witnesses states the facts as they exist, the feeding yard in question was a nuisance which called for action on the part of the court. The witnesses called for the defendants deny that they had ever observed any noxious smells or vapors emanating from the yard, or that it was so conducted as to be offensive to any resident of the neighborhood. We might state, however, that most of the evidence offered by the plaintiffs was in the form of affidavits, apparently those used on the application for a temporary injunction, and that the same credit should not be given such evidence as to the testimony of witnesses who have appeared in court and been subjected to a cross-examination by the adverse party. The corruption of the atmosphere by the exercise of any trade or by any use of property that impregnates it with noisome stenches has

ever been regarded as among the worst class of nuisances. The right to have the air floating over one's premises free from noxious and unnatural impurities is a right as absolute as the right to the soil itself, although there are certain uses of property that necessarily impart more or less impurity to the air which are regarded as lawful when reasonably exercised, and must be submitted to as among the incidents of living in a town or thickly settled districts. This subject is fully considered in Wood, Nuisance (3d ed.), ch. 17. A feeding yard is not necessarily a nuisance, and it becomes such only by being improperly maintained or conducted. There is nothing in the evidence showing it to be impossible to maintain the yard in question in such a manner as to free it from the objections which the plaintiffs make. The situation of the yard is favorable to its being conducted in a cleanly and proper manner. That the defendants should be enjoined from conducting their business in the yard in such a manner as to make it a nuisance cannot be denied; but, when the court goes beyond this and limits the time of its use for keeping cattle or hogs, or the number to be kept, we think that it has extended its decree beyond proper bounds. Until it is shown that the yard cannot be maintained as a feeding yard without becoming a nuisance, the feeding of cattle therein should not be enjoined. The order of the court should go no further than to enjoin the defendants from making a nuisance of their feed yard.

We recommend a reversal of the judgment appealed from and remanding the cause for further proceedings, suggesting at the same time that section 262 of the code permits the use of affidavits only on the application for a temporary injunction, and not on the final hearing, unless by the consent of the parties.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.