Mathews v. Mozer.

MARY JANE MATHEWS, APPELLANT, v. CHONE MOZER ET AL., APPELLEES.

FILED NOVEMBER 16, 1923.    No. 22540.

Nuisance:   INJUNCTION.  In this an action to restrain the maintenance of a poultry business as a nuisance on account of the exhalation of noisome and offensive odors and to recover damages caused thereby, the evidence is found insufficient to sustain a judgment for damages or on which to grant an injunction restraining generally the operation of defendant's business, but is *held* sufficient to sustain the partial relief granted plaintiff by the trial court.

APPEAL from the district court for Lancaster county: FREDERICK E. SHEPHERD, JUDGE. *Affirmed as modified.*

Wilmer B. Comstock, for appellant.

Fred C. Foster, O. K. Perrin and S. M. Kier, contra.

Heard before MORRISSEY, C. J., DEAN and GOOD, JJ., REDICK, District Judge.

MORRISSEY, C. J.

Plaintiff brought this action to enjoin defendant from maintaining a place of business at the corner of Eleventh and K streets in the city of Lincoln, wherein defendant conducts an extensive poultry business, and slaughters an-

nually large numbers of poultry. Plaintiff is the owner of the life estate in real estate adjoining the property occupied by defendant. The petition alleges that for many years preceding the bringing of this suit plaintiff and her family occupied the dwelling-house upon her premises; that plaintiff's husband died May 30, 1919, and plaintiff succeeded to the life estate in the premises; that the property owned by plaintiff and the property occupied by defendant lie within five blocks of the center of the retail district of the city of Lincoln; that every lot adjacent to or near the premises described is occupied either by a dwelling-house or a business building; that the premises are situated upon one of the principal streets of the city and that thousands of persons pass to and fro daily in front of the respective properties. The petition alleges that for more than five years prior to the filing thereof defendant has maintained a nuisance upon the premises occupied by him, and alleges that during that period defendant has kept thousands of chickens, turkeys, geese and ducks and has kept calves and other animals upon the premises, housing and stabling such poultry and animals thereon, and has habitually and continuously slaughtered and dressed thousands of poultry, and great numbers of calves and other animals, and has thus converted his place of business into a slaughter-house. There is a further allegation of the manner in which refuse and offal has been permitted to remain upon the premises; and that the business of defendant has been so conducted as to create noisome, nauseating and offensive smells impossible of human endurance, and extremely injurious to the health of plaintiff, the members of her family, and her tenants, and that by reason of the conditions thus created her premises have been rendered untenantable and impossible for occupancy, either for residence or for business purposes. The building on plaintiff's premises is described as a large dwelling-house above and a large commodious store-room on the ground floor. The building is alleged to be well situated and an attractive rental property for both business and residential purposes, were it

not for the nuisance alleged to be maintained by defendant. It is alleged that the rental value of plaintiff's property is $200 a month, but that because of the nuisance complained of plaintiff is unable to keep the premises rented, and that she has had to vacate her own residence therein, and that her health has been permanently injured. There is a prayer for a judgment in damages in the sum of $10,-000, and that defendant be perpetually enjoined from continuing the business upon the premises described.

Chone Mozer and three brothers were named as defendants, but with the exception of Chone Mozer each defendant filed an answer disclaiming interest in the business, and the action proceeded against Chone Mozer alone, who in his separate answer set out the titles under which he maintains occupancy of the premises and admits the ownership of the business. The answer admits that the business is located upon one of the principal streets of the city of Lincoln along which thousands of people pass daily; that defendant is engaged in buying and selling poultry, and alleges that his predecessors had been so engaged at the same location for a period of not less than 25 years; that the premises are sanitary and have been much improved within the last five years, for the reason that the owners of the real estate occupied by defendant have constructed modern brick buildings, equipped with the latest devices for conducting a general poultry business; and denies that the business has been so conducted as to constitute a nuisance. And it is alleged that whatever conditions give rise to the complaint have been openly, notoriously and adversely maintained by defendant and his predecessors in business for the last 25 years; that defendant now has the right to maintain his business by right of prescription, and that plaintiff's cause of action did not accrue within ten years next before the commencement of this action. There was a further allegation that, because of the new buildings and improvements which defendant had placed upon the premises occupied by him in his business, the value of plaintiff's property had been greatly enhanced; that plaintiff and her

predecessors in title had stood by and permitted costly improvements to be made, knowing the business to which they would be devoted, and that defendant is estopped to complain at this time.

A large volume of evidence is presented, and if the testimony submitted on behalf of plaintiff stood uncontradicted and unexplained it would fully support a judgment and decree as prayed. On the other hand, if the testimony offered on behalf of defendant were accepted, it might fully defeat plaintiff's cause of action. It would serve no useful purpose to set out in this opinion a synopsis of the evidence, for the decision must of necessity depend on the conclusion drawn by the court from an examination of the whole record. By consent of the parties the trial judge made an inspection of the premises and thus he was the better able to weigh the evidence submitted, and in reviewing the evidence he said: "The place has an odor, a perceptible odor, but not a stench, except as the latter arises at particular and specific times, as when by the oversight of the owner or employees refuse is dropped in the alley, or dead chickens are allowed to lie upon the floor. Inherently and necessarily, when properly conducted, the place should not be a nuisance to either the public or the plaintiff. The odor which comes to the plaintiff, under proper conduct of the place, is occasional rather than constant, not injurious to health, not unbearable, not destructive of comfort, and not worse than the city dweller in business sections commonly endures, and must be required to endure. Nor does it appear that this cannot be rendered still less perceptible and even negligible by various additional safeguards and appliances."

The court found also that the modern buildings erected on the premises occupied by defendant added to the value of plaintiff's property, and that plaintiff has not suffered pecuniary damages and denies her any recovery in the way of a money judgment, but the court found that defendant, at times, had failed to exercise proper care in the conduct of his business. Plaintiff's application for an injunction

which would restrain defendant generally from continuing his business on the premises described was denied but the court decreed that defendant "be perpetually enjoined from killing cattle or hogs or other animals than poultry and from causing or permitting refuse to be spilled and to remain in the alley adjacent to the premises in process of removal from the plant, and from at any time permitting dead poultry to remain uncared for upon the floors of the place, and from in any wise maintaining the plant as a nuisance." The court ordered that the costs be equally divided between the parties. Each of the parties took exceptions, but plaintiff only has appealed.

Plaintiff's counsel has cited many authorities in support of his demand for an order that would utterly forbid defendant to further carry on his business at its present location. However, this record presents primarily a question of fact, and we do not feel bound to follow the authorities cited from other jurisdictions, persuasive as they may be. This court has heretofore had questions presented similar to the one before us and the rules announced support the judgment of the trial court.

In *Francisco v. Furry*, 82 Neb. 754, it was held: "A decree enjoining the use of a feed yard and limiting the use of the owner to the yarding of cattle and hogs therein temporarily and in limited numbers, where the evidence does not make it apparent that it cannot be used as a feed yard without becoming a nuisance, is erroneous."

In a case very similar to the one before us plaintiff sought to restrain defendant from conducting a tannery in the proximity of plaintiff's home, and the court said: "We cannot believe that there is no smell in connection with this factory; but we doubt very much whether the odors which escape therefrom are so noxious and injurious and so reduced the value of plaintiff's property or the comfort of their residence as to warrant the issuance of an injunction. It should be a clear case to justify a decree which would entail such grave consequences upon the defendant." *Rush v. Smith-Lockwood Mfg. Co.*, 95 Neb. 133.

Defendant is enjoined "from in any wise maintaining the plant as a nuisance." It will be seen that, while the court refused to utterly suppress defendant's business, it gave plaintiff that measure of relief which protects her in the enjoyment of her premises, and this, we are persuaded, is as far as the order ought to go until it appears that defendant either cannot, or will not, obey the judgment entered.

No cross-appeal has been taken and it is not necessary to discuss the estoppel pleaded. On a consideration of the whole record, the judgment on the merits is found to be in harmony with the evidence and is adopted as the judgment of this court. We find, however, that, inasmuch as plaintiff was awarded substantial relief, the entire costs, in both courts, should be taxed against defendant, and, with this modification, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.