CITY OF OMAHA ET AL., APPELLEES, V. HUGH MURPHY CON-
STRUCTION COMPANY ET AL., APPELLANTS.

FILED APRIL 22, 1926. No. 25260.

1. Nuisance: INJUNCTION. It is error to perpetually enjoin the operation of an asphalt plant on the ground that the plant, as operated, constitutes a nuisance, in the absence of a showing that it cannot be operated in such manner as not to constitute a nuisance.

2. ————: ————. In such case the plaintiffs, who are injuriously affected by the operation of the plant, are entitled only to have the continuance of the nuisance enjoined.

3. Landlord and Tenant: NUISANCE. Mere ownership of real property imposes no responsibility for a nuisance created thereon by a lessee of such owner, unless the owner is instrumental in causing the nuisance. The tenant, however, is liable for a nuisance by him created. on the leased premises.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed in part, and in part modified and affirmed.*

*W. H. Herdman,* for appellants.

*John F. Moriarty, Merrow & Murphy, Hugh A. Myers, Leslie F. Johnson* and *Dana B. VanDusan, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

Plaintiffs brought this action, praying that defendants be enjoined from operating and maintaining an asphalt

plant on the premises described in the petition, on the ground that the plant, as operated, is a nuisance. The trial resulted in a decree permanently enjoining the defendant Hugh Murphy Construction Company, a corporation, its successors and assigns, from operating an asphalt plant upon said premises, and permanently enjoining the defendant Hugh Murphy Company, a corporation, and its successors and assigns, from permitting the use of said premises for the operation of an asphalt plant. Defendants appeal.

The issues presented are: (1) Is the asphalt plant, operated in the location and under the conditions disclosed by the evidence, a nuisance? (2) If a nuisance, are the plaintiffs entitled to a decree permanently enjoining the operation of the plant on its present location, or entitled only to a decree enjoining the operation of the plant in such manner as to constitute a nuisance?

Defendants contend: (1) that the evidence does not warrant the finding that the plant, as operated, is a nuisance; (2) that the defendant Hugh Murphy Company has no interest in the asphalt plant and is merely the owner of the real estate on which the plant is situated; that it leases this real estate to its codefendant Hugh Murphy Construction Company, and that there is no ground for any injunctive relief as to the Hugh Murphy Company. It is further contended that in no event are the plaintiffs entitled to a permanent injunction against the operation of the plant, and that the most to which they are entitled is an injunction preventing the operation of the plant in such a manner as to constitute a nuisance.

The asphalt plant in question is located on a tract of ground owned by the Hugh Murphy Company and by it leased to the Hugh Murphy Construction Company, which owns and operates the plant. The real estate is a tract of land about 750 feet long from north to south, lying east of and adjacent to Sherman avenue, or North Sixteenth street, in the city of Omaha, Nebraska. It is bounded on the north by Laird street and on the south by Pratt street. As designated by the zoning ordinance of the city of Omaha,

the real estate is in an unrestricted district; that is, within a district where such a plant may be operated, provided, of course, it does not constitute a nuisance. The territory immediately to the west, southwest and northwest of the plant is designated by the zoning ordinance as a residential district and is a thickly settled part of the city of Omaha. The plant is used for the purpose of making or mixing surface coats of asphalt pavement and concrete asphalt pavement. Large quantities of gravel, chats, broken stone, sand, lime dust and asphaltum are used in the making of the paving material. The asphaltum is heated in tanks or kettles to a temperature of 250 to 325 degrees Fahrenheit, and gives off a disagreeable odor. Some of the other materials are heated, and the asphaltum, with two or more of the other ingredients, is mixed in a mixing machine, and the mixture, used for paving, is hauled in trucks from the plant to the location where paving is being constructed. When the plant is being operated, from 65 to 85 tons a day are mixed and hauled away. Three and a half or four tons of coal are burned daily, and it fairly appears from the evidence that large quantities of smoke, dust, vapors, gases and odors are carried in the air over and into the homes of the people residing in close proximity to the plant, and particularly when the wind is from an easterly direction. The dust and gases are of such a nature and in such quantity, as to injuriously affect the lawns, prevent the growing of flowers, and cover the houses and porches with dust. When the doors and windows of the homes are open, the houses are filled with dust and smoke; the furniture, carpets and draperies therein are injuriously affected, and the occupants of the houses are greatly annoyed by the dust, soot, smoke and odors.

The evidence is sufficient to convince us that the asphalt plant, as operated, constitutes a nuisance, and that plaintiffs are, in equity, entitled to have the nuisance abated and to enjoin its continuance. It does not necessarily follow, however, that they are entitled to have the operation of the plant enjoined. A court of equity will not go beyond the

necessities of the particular case. In this instance, the plant is alleged to be a nuisance because of the emission of smoke, dust, odors, gases and vapors, which are carried into and over the homes of the plaintiffs. For aught that appears in the record, it may be possible to so operate the plant as not to constitute a nuisance. If it can be so operated, then its operation in that manner should not be enjoined.

In *Francisco v. Furry,* 82 Neb. 754, it is held: "A decree enjoining the use of a feed yard and limiting the use of the owner to the yarding of cattle and hogs therein temporarily and in limited numbers, where the evidence does not make it apparent that it cannot be used as a feed yard without becoming a nuisance, is erroneous." In that case, as in this, the evidence disclosed that the feed yard, as operated, constituted a nuisance, but the evidence did not show that it could not be so operated as not to be a nuisance. The decree of the court was against the continuance of the nuisance, but not against the use of the feed yard, if it could be so used as not to constitute a nuisance.

In *Collins v. Wayne Iron Works,* 227 Pa. St. 326, 19 Ann. Cas. 991, the rule is stated in this language: "Where the facts and equities call for it, a chancellor is required to give relief by injunction; but such injunction should never go beyond the requirements of the particular case; and under no circumstances should a decree be entered the apparent practical effect of which will be to close an industrial plant, if it is possible to frame another form of decree which will give such relief as the plaintiff is entitled to." A like rule is announced in *Faucher v. Grass,* 60 Ia. 505, and in *Lorenzi v. Star Market Co.,* 19 Idaho 674.

Under the rule as herein set forth, the injunction granted went farther than the necessities of the case required. It should go no farther than to enjoin the operation of the plant, as it was operated at the time of the trial, or in such manner as to permit the escape of smoke, dust, gases, vapors and odors into or over the premises of the plaintiffs, to such an extent as to constitute a nuisance.

Furthermore, the decree makes the injunction perpetual, so that at no time in the future could an asphalt plant be operated on the premises, no matter what the changed conditions might be in the vicinity where the plant is located. It may' be that in time the use and occupancy of the properties in the vicinity of the plant may be so changed that such a plant, as now operated, would not injuriously affect any one, and in such case, of course, it would not be contended that the operation of the plant should be enjoined. Operation of the plant should be enjoined only to the extent that, and so long as, it is a nuisance.

It does not appear from the evidence that the defendant Hugh Murphy Company owns, or participates in the operation of, the asphalt plant. It appears that this corporation is the owner of the real estate, which is leased to its codefendant Hugh Murphy Construction Company, and that the latter company only is interested in the ownership and operation of the plant. Mere ownership of real property imposes no responsibility for a nuisance on it, unless the owner is instrumental in causing the nuisance. A tenant in possession is liable for a nuisance by him created on the premises of his landlord, but the landlord is not liable for such a nuisance created by his tenant, unless the landlord authorized or contributed to the causing or maintaining of the nuisance. 29 Cyc. 1203, 1204.

It necessarily follows that the injunction should not run against the Hugh Murphy Company, and that the judgment as to this defendant should be reversed and the action dismissed. As to the defendant Hugh Murphy Construction Company, the decree of the district court is modified so as to enjoin this defendant from operating its asphalt plant in the manner in which it is now operated, or in such manner as to cause or permit the escape of smoke, dust, gases, vapors and odors, to such an extent as to injuriously affect the plaintiffs in the enjoyment of their respective homes, or in such manner as to constitute a nuisance. As thus modified, the judgment of the district court is affirmed as

to the defendant Hugh Murphy Construction Company. REVERSED IN PART AND IN PART MODIFIED AND AFFIRMED.

Note—See (3) 50 L. R. A. (n. s.) 288; 16 R. C. L. 1077 et seq. 3 R. C. L. Supp. 624; 5 R. C. L. Supp. 923.