## Muldowney et al. v. Spinillo et al.

*Leon M. Levy, Everett A. Rosser, Joseph T. McDonald,* and *Patrick T. Walsh,* for plaintiffs.

*David Landau, Albert S. Rosenberg,* and *J. Julius Levy,* for defendants.

EAGEN, J., January 19, 1945.—We are here concerned with a rule to show cause why defendants should not be enjoined from using a portion of a building located at the corner of South Blakely Street and Green Ridge Street in the Borough of Dunmore as a poultry market.

Defendants at present and for several years past have operated a poultry market in the Borough of Dun-

more at 519 South Blakely Street. During the month of September 1944, defendants purchased the building herein concerned and it is their avowed intention to move and establish the same business in this new location. Plaintiffs are landowners in the immediate neighborhood, who strenuously object to having this type of business in the vicinity.

The building involved had previously been used as a public garage and an automobile sales agency display room. The borough enjoys a zoning ordinance enacted March 24, 1942, and this property is admittedly in a designated "D" or commercial zone, but is just within the outside line of said zone and is immediately adjacent to the "A" zone and a very highly improved residential district.

The pertinent section (12) of the ordinance provides as follows:

"Uses in 'D' Zones. In the 'D' Zones no building or structure shall be erected or altered which is arranged, intended or designed to be used except for the following uses or purposes:

(a) Any use or purpose permitted in the 'A' or 'B' Zones.

(b) Banks and office buildings.

(c) Wholesale and retail stores.

(d) Restaurants and hotels, including those having for sale intoxicating beverages.

(e) Undertaking establishments.

(f) Laboratories.

(g) Public garages.

(h) Places of public entertainment, such as bowling alleys, pool rooms, shooting galleries.

(i) Billboards and signs and other structures designed primarily for advertising purposes and complying with other sections of this ordinance.

(j) Manufacturing establishments other than those for the working or preparing of metal, stone, coal,

wood or glass, and not including power houses, or structures for the generation of electricity, steam or gas."

Complainants assert their right to the injunction on two legal grounds: (1) The poultry market constitutes a "nuisance per se"; and (2) its location at this address would be in violation of the terms of the borough zoning ordinance.

This court is loath to use the strong arm of injunction and to interfere with the use of private property by the individual owner. However, in this case we feel impelled to do so. We are definitely convinced that if defendants are allowed to establish this business as contemplated not only will the health of the other people in the immediate neighborhood be necessarily endangered but the use and enjoyment of their properties will be seriously affected. While defendants have invested several thousand dollars in the purchase of this property, planning to use it in the conduct of their business, the general health and welfare must first be considered. Then again defendants had ample notice before the investment was complete that this type of business would be objectionable to the particular neighborhood.

We conclude that the establishment of this business at the intended address in view of all the surrounding circumstances would be a "nuisance per se". We realize that many courts outside of our Commonwealth have ruled that a market wherein poultry is plucked and killed is not a "nuisance per se", and that the court is without power to restrain an anticipated nuisance "per accidens". See 39 Am. Jur. 289, §11; Higgins v. DeCorah Produce Co. et al., 214 Ia. 276, 242 N. W. 109, 113; Wade v. Miller, 188 Mass. 6, 73 N. E. 849; Mathews v. Mozer et al., 111 Neb. 71, 195 N. W. 943. However, in Pennsylvania whether a thing or act is a "nuisance per se" depends upon the surrounding circumstances, including the location, and each case depends upon its own facts for classification.

Under our rule an act or condition or business may be perfectly lawful in one locality and a "nuisance per se" in another: The Penna. Co., etc., et al. v. Sun Co., 290 Pa. 404; Evans v. Reading Chemical Fertilizing Co., Ltd., 160 Pa. 209.

In this contemplated market defendants would house and kill several hundred poultry each week. No matter how well the business was conducted it would result in dirt accumulating on the premises and the attraction of rats and other vermin. The air in the immediate neighborhood would be filled with obnoxious, nauseating, and disagreeable odors. While the property is in a so-called commercial area, it is right next door to the best residential section in the community. Also two religious edifices with several hundred parishioners are immediately across the street. To allow the establishment of such a business in their neighborhood must necessarily result in substantial and irreparable injury.

We feel, too, that the zoning ordinance prohibits the location of this business in this area. While wholesale and retail stores are permitted therein a poultry market such as defendants now operate and intend to conduct at the address involved is more than a store and not what the borough solons intended or contemplated in this category.

Wherefore, January 19, 1945, the rule heretofore granted to show cause why a temporary injunction should not be granted is made absolute. Defendants are restrained and enjoined, until final hearing, from opening and conducting a poultry market on the premises described in the bill of complaint.