YELVERTON, Judge.
This is an appeal from a trial court’s judgment finding a nuisance and ordering abatement. We affirm.
The Evangeline Parish Police Jury filed suit against Barney Deshotel to abate a nuisance on his property. The suit was based on Section 12-32 of the Evangeline Parish Code which provides:
Sec. 12-32. Prohibited.
It shall be unlawful for any person to cause, permit, maintain or allow the creation or maintenance of a nuisance.
The petition was filed after complaints were received from neighboring property owners. Written notice was given to defendant to eliminate the nuisance but he failed to respond. Section 12-31 provides an illustrative list of conditions which constitute a violation of Section 12-32. The following provisions are applicable in the present case.
Sec. 12-31. Illustrative enumeration.
The maintaining, using, placing, depositing, leaving or permitting to be or remain on any public or private property of any of the following items, conditions or actions are hereby declared to be and constitute a nuisance; provided, however, this enumeration shall not be deemed or construed to be conclusive, limiting or restrictive:
[[Image here]]
(2) Accumulation of rubbish, trash, refuse, junk and other abandoned materials, metals, lumber or other things.
(3) Any condition which provides har-borage for rats, mice, snakes and other vermin.
(4) Any building or other structure which is in such a dilapidated condition that it is unfit for human habitation, or kept in such an unsanitary condition that it is a menace to the health of people residing in the vicinity thereof, or presents a more than ordinarily dangerous fire hazard in the vicinity where it is located.
* * * * * *
(6) All disagreeable or obnoxious odors and stenches, as well as the conditions, substances or other causes which give rise to the emission or *1008 generation of such odors and stenches. (Emphasis added)
In Rodrigue v. Copeland, 475 So.2d 1071 (La.1985), cert. denied, 475 U.S. 1046, 106 S.Ct. 1262, 89 L.Ed.2d 572 (1986), the Supreme Court gave a thorough review of the jurisprudence concerning the obligations of an owner of immovable property towards his neighbors. The court quoted the test set forth in Robichaux v. Huppenbauer, 258 La. 139, 150, 245 So.2d 385, 389 (1971), as follows:
‘Thus noxious smells, rats, flies and noise may constitute an actionable nuisance although produced and carried on by a lawful business, where they result in material injury to neighboring property or interfere with its comfortable use and enjoyment by persons of ordinary sensibilities. McGee v. Yazoo & M.V.R. Co., 206 La. 121, 19 So.2d 21 (1944).’ (Emphasis added).
The obligations of neighborhood are contained in La. C.C. arts. 667-669. Of these obligations, the court in Rodrigue v. Copeland, supra, said at p. 1077:
These obligations of vicinage are legal servitudes imposed on the owner of property. These provisions embody a balancing of rights and obligations associated with the ownership of immovables. As a general rule, the landowner is free to exercise his rights of ownership in any manner he sees fit. He may even use his property in ways which ‘... occasion some inconvenience to his neighbor.’ However, his extensive rights do not allow him to do ‘real damage’ to his neighbor.
In the present case the record reveals there is a burned trailer house, three telephone poles, a run-down old school bus, numerous inoperable cars and trucks, machines and scrap iron, an old abandoned house which contains paint cans and other flammable materials, 25-30 barrels, a mound of horse manure, overgrown grass, and various other items. Testimony indicates that these items could be a fire hazard because the items could obstruct access onto the property for fire fighters attempting to lay lines. Also, the fuel tanks in the automobiles and other flammable materials could pose a serious threat to fire fighters. A sanitarian with the State Health Department testified that the manure piles in the back of the barn could be a health hazard and numerous other conditions of the property were harborage for rodents. In addition, there were complaints of odor, as well as the presence of flies.
After viewing the videotape of defendant’s property and listening to testimony, the trial judge rendered judgment for the parish ordering the following things to be done within 30 days:
1. Defendant shall remove from his property the vacant burnout [sic] trailer, the telephone poles, the school bus, the inoperable cars and/or trucks, and all piles of material;
2. Defendant shall henceforth place all horse manure in containers and/or shall dispose of same in a manner provided by the Louisiana Health Code;
3. Defendant shall cut down or remove all long grass located on his property;
4. Defendant shall remove the paint cans and/or other inflammables from the abandoned house located on the Northwest corner of his property and shall properly house same in a secure place;
5. Defendant shall henceforth cease from recreating a nuisance on his property;
6. All costs of these proceedings shall be borne by defendant.
The trial court’s findings were factual findings which we may not set aside in absence of manifest error. Rosell v. Esco, 549 So.2d 840 (La.1989). Finding no manifest error, we affirm, appellant to pay costs.
AFFIRMED.