## DUFFY v. MEADOWS.

(Filed September 23, 1902.)

1. NUISANCES—*Guano Manufactory.*

A guano manufactory will not be declared a nuisance *per se* unless it is so situated as to affect the health, comfort or property of those who live in the community.

2. NUISANCES—*Guano Manufactory—Injunction.*

The fact that odors are smelled at a great distance and are unpleasant and objectionable, is not sufficient ground for an injunction to interfere with the business from which the odors arise.

3. APPEAL—*Dismissal—Exceptions and Objections—Trial.*

The refusal of judgment upon a complaint and answer is not appealable. An exception to the refusal should be noted, to be considered on appeal from the final judgment.

ACTION by Francis Duffy against E. H. & J. A. Meadows Company, heard by Judge *Francis D. Winston,* at May Term, 1902, of the Superior Court of CRAVEN County. From a refusal of judgment on complaint and answer and an injunction, the plaintiff appealed.

*W. D. McIver* and *A. D. Ward,* for the plaintiff.
*M. DeW. Stevenson* and *W. W. Clark,* for the defendant.

MONTGOMERY, J. The plaintiff commenced this action to have abated an alleged nuisance, to-wit, a manufactory of guano, on the premises of the defendant. The plaintiff, in his complaint, alleged that the manufactory was both a public and a private nuisance. The complaint is that the odors arising from certain of the materials used in the manufacture of the guano gives out an unpleasant and objectionable odor, amounting to an offensive stench; that the odors are so noisome and offensive that they "pollute and permeate the atmosphere to such an extent as to render the buildings of the plaintiff almost unfit for habitation, and render the life

of plaintiff and his tenants uncomfortable," and that they are deleterious to health as well; that, as plaintiff is informed and believes, by reason of the foul and offensive odors and stenches arising from the operation of said factory in the city of New Bern, the same is a public nuisance, noisome, offensive and hurtful to the inhabitants of the city generally, and especially to those in the vicinity of said factory. The allegation as to the establishment being a public nuisance is as follows:

The defendant, in his answer, denies all such allegations, except the 13th and 15th. The 13th is in these words: "That the said material gives off odors which may be smelt at great distances in the direction of the wind."

The 15th allegation is as follows: "That the said odor arising from the said material is an unpleasant and objectionable one."

The plaintiff moved for judgment upon the complaint and answer, the damage to be determined by inquiry thereafter to be submitted to the jury. He made a further motion, "That upon the complaint and answer the defendant be enjoined from using, bringing upon or storing on the premises of defendant described in the pleadings any of the said materials as described in the complaint, and referred to in allegation 13 of the complaint, which gives off odors that may be smelt at great distances in the direction of the wind, * * * and which said odor arising from the said material is an unpleasant and objectionable one, as described in allegation 15 of the complaint." Both motions were denied, and the plaintiff appealed.

The first motion could have been sustained only upon the ground that the material used in manufacturing the guano constituted either a nuisance *per se,* or that the answer admitted the allegations of the complaint to such an extent as to show that the manner in which the business was conducted

and the material used caused a nuisance. This Court would be slow to declare any lawful business a nuisance *per se.* A slaughter-house located in a thickly populated town or city, or a manufactory of guano similarly situated, in which the chief material used was decayed fish, not having gone through a process of deodorization, would be nuisance *per se,* and there may be others. But if a slaughter-house was situated in a place remote from residences and public highways, it would not be a nuisance, unless it was shown that the business was conducted in an improper manner, as by allowing or permitting the escape of gases, stenches or vapors, thereby producing serious and substantial discomfort and annoyance to those residing in the neighborhood, from a want of proper care in the removal or burning of the offal from the premises. Such a guano manufactory as we have mentioned, so remotely situated from residences and highways as not to affect the health or comfort of the community by means of odors, would not be a nuisance.

The denial of the first motion, however, was not an appealable matter. The correct practice would have been to note an exception to the refusal, so as to have it considered on appeal from the final judgment. *Walker v. Scott,* 106 N. C., 56; *Cooper v. Wyman,* 122 N. C., 784, 65 Am. St. Rep., 731; *Cameron v. Bennett,* 110 N. C., 277. A refusal to grant the injunction is the question then for consideration in the case.

Each and every allegation of the complaint in which there is a charge of facts concerning the alleged nuisance is denied in the defendant's answer, the answer being a verified one, except the 13th and 15th, which we have set out already in this opinion. The admission of these allegations are harmless to the defendant. The fact that odors are "unpleasant and objectionable" is no ground for invoking the aid of the Court in interfering with a business or other establishment

from which such odors arise. That they are unpleasant will not be sufficient; they must work some substantial annoyance, some material physical discomfort, to those who live in the neighborhood, or injury to their health or property. 21 Am. and Eng. Enc., 692, and the numerous cases there cited.

No Error.