## REDD v. COTTON MILLS.

(Filed November 15, 1904).

1. NUISANCES.

The blowing of cotton factory whistles is not a nuisance *per se.*

2. NUISANCES—*Evidence—Injunction—Question for Jury.*

Where the evidence is not sufficient to establish a nuisance, an injunction will not be granted to restrain the act until it is established to be a nuisance by a verdict of a jury.

ACTION by E. M. Redd against the Edna Cotton Mills, heard by *Judge W. R. Allen,* at Winston, N. C. From a judgment for the defendant the plaintiff appealed.

*Watson, Buxton & Watson,* for the plaintiff.
*Glenn, Manly & Hendren* and *Scott & Reid,* for the defendant.

MONTGOMERY, J. This action was brought by the plaintiff against the defendant for the recovery of damages alleged to have been sustained by means of a nuisance maintained by the defendant and to have the nuisance abated by injunctive process. The injury for which damages are claimed is alleged to be to the health of the plaintiff's family and himself, and the nuisance the blowing of a steam-whistle at the early hours of 4:30, 5.30 and 5:50 o'clock A. M. for the space of from two to seven minutes duration. The whistle is attached to the engine of the defendant company and its blasts are declared to be "long, shrill, shrieking, discordant, startling, terrific; awakening the plaintiff and his family, disturbing his and their sleep and seriously interfering with the reasonable enjoyment of their home and seriously impairing their health. Before the defendant had answered the plaintiff served a notice upon defendant that a motion would be

made before the Judge of the district for an order restraining
the defendant from blowing the whistle of its engine between
the hours of 9 P. M. and 6:30 A. M.   Upon the plaintiff's
complaint and affidavits and the defendant's affidavits the
motion was denied and the plaintiff appealed.

From the plaintiff's complaint and affidavits there was evi-
dence going to show that for years the defendant's whistle
had been blown at 4:30, 5:30 and 5:50 o'clock A. M.; that
the blasts were from two to seven minutes long; that they
were shrill, startling, shrieking and terrific; that the night's
rest of the plaintiff and several other families was broken up
by the blasts of the whistle, the plaintiff's health impaired,
and numbers of other families affected with nervousness.
The evidence of the plaintiff further tended to show that the
property of the plaintiff and others, situated as his and theirs
was in respect to the mill, had depreciated in value by reason
of the blowing of the whistle.   The evidence afforded by the
affidavits of the defendant tended to show that the blowing
of the whistle did not disturb the sleep of the affiants or pro-
duce discomfort in their homes; that the blasts of the whistle
were useful to the defendant in the conduct of its business;
that the property in the neighborhood had not been impaired
in value; that the evidence contained in plaintiff's affidavits
was that of his friends and kinspeople, and that his health
had not been affected by the blasts of the whistle, but was
due to other causes, he being an extremely nervous and ex-
citable man.

We think his Honor was right in refusing to grant the
injunction.   The blowing of whistles at factories to regulate
and direct the order of work may be necessary to the proper
conduct of business, certainly it is not a nuisance *per se.*
Such sounds and noises as these whistles are capable of mak-
ing can become nuisances, however, and the protecting arm
of the law can be invoked to prevent such.   Injury to health

and destruction of the comforts of one's home can be accomplished by frightful noises just as well as by means of noxious and offensive odors. *Dorsey v. Allen,* 85 N. C., 358, 39 Am. Rep., 704. But the courts are always slow to interfere by injunction in the conduct and management of business enterprises. Of course where a nuisance is established by the evidence, no private enterprise.for the mere purpose of bringing gain to its owner can be allowed to destroy one's home or to impair his health. Both are irreparable injuries, and no damage can compensate a man for the destruction of his home or for the undermining of his health. *Clark v. Lawrence,* 59 N. C., 83, 78 Am. Dec., 241; *Barnes v. Calhoun,* 37 N. C., 199.

In the present case, however, the evidence does not satisfy us that the blowing of the whistle by the defendant amounted to a nuisance. In such a case under the old practice, that is, where the Court of Equity was not satisfied upon all the evidence that the thing complained of was a nuisance, there would be no interference or action until the fact of "nuisance" had been established by law. *Simpson v. Justice,* 43 N. C., 115. So here we think the jury by their verdict ought to pass upon the evidence and find, under the instructions of the Judge, whether or not the manner in which the whistle is blown was a nuisance, that is, whether or not the plaintiff's health and home have been impaired and injured by the blowing of the whistle.

No Error.