CLARK, Appellant, vs. WAMBOLD, Respondent.

*December 8, 1916—January 16, 1917.*

*Nuisances: Odors: Pig pens.*

If pigs are raised on a farm under conditions as clean and sanitary as can reasonably be attained, considering the characteristics of the animal and the necessity for confinement in close quarters, the fact that odors from those quarters are carried abroad on the summer breeze will not make an actionable nuisance.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

This is an action in equity to enjoin the defendant from maintaining a nuisance consisting of pig pens and pig yards immediately adjacent to plaintiff's premises on the east shore of Eagle lake in Waukesha county, Wisconsin. The plaintiff owns two acres of land on the shore of the lake, which he purchased in 1905, part of it being purchased from the defendant, and all of which he uses for summer residence purposes. The defendant owns a farm immediately east of the plaintiff's premises and also operates a feed mill thereon. For years before the commencement of this action he has made a business of raising pigs and selling them when about six weeks old, sometimes having eight or nine brood sows at a time. The yards or inclosures in which the pigs are bred are close to the feed mill and also near the plaintiff's property. The brood sows are fed largely with sweepings from the feed mill. There was much evidence to the effect that the pig pens and inclosures were kept in a filthy condition and that the odors arising therefrom and drifting over the plaintiff's premises were very offensive and continuous during the summer months. There was also considerable testimony to the effect that the pens and yards were kept in as clean and sanitary condition as reasonably possible and better than most farmers are accustomed to keep such places.

The pig pens and inclosures existed and were in use in 1905, when the plaintiff purchased his property along the lake shore, and at that time the plaintiff bought of the defendant two small parcels along the east side of his property, on which pig pens were situated, in order to remove the pens and keep the defendant's hogs further away from his summer house. The defendant raised more pigs during the years beginning with 1911 or 1912 than before. The court found in substance that the pens and yards were kept in as clean and sanitary condition as can be expected; that there were no odors except such as necessarily exist around well kept pens and yards; and that the effect of such odors is not such as to materially interfere with the enjoyment of plaintiff's premises or materially impair their use by people of ordinary sensibilities. Judgment was entered dismissing the complaint without costs except clerk's fees, and the plaintiff appeals.

*E. D. Walsh* of Waukesha, for the appellant.

For the respondent there was a brief by *Newbury & Jacobson* of Waukesha, and oral argument by *M. A. Jacobson.*

WINSLOW, C. J. The raising of pigs is a perfectly lawful and respectable business. Doubtless it will remain so as long as the human palate craves the thin cut of juicy ham and the crisp slice of breakfast bacon. With all the marvelous advance in the science of animal husbandry which has taken place in recent years we have not yet produced the odorless pig. He may come at some future time in company with the voiceless cat and the flealess dog, but he is not yet in sight. Whenever he comes he will be welcome, but in the meantime pigs will be pigs, and we must put up as best we may with the odorous pig and his still more odorous pen.

Manifestly pigs cannot be raised in the city, hence they must be raised on the farm. If they are raised there under conditions as clean and sanitary as can reasonably be at-

Clark v. Wambold, 165 Wis. 70.

tained considering the characteristics of the animal and the necessity for confinement in close quarters, the fact that odors from those quarters are carried abroad on the summer breeze will not make an actionable nuisance.

It becomes one of those minor discomforts of life which must be borne in deference to the principle that one man's enjoyment of property cannot always be the controlling factor, but must be considered in connection with the reasonable and lawful use of other property by his neighbors.

The trial court in the present case has found upon sufficient evidence that the pens are kept with reasonable cleanliness and we do not find ourselves able to say that the clear preponderance of the evidence is against the finding. It follows that the judgment must be affirmed. Notwithstanding this result, it is not deemed improper to suggest to the respondent that insistence on extreme legal rights is not always good policy, to say nothing of good neighborliness. It is far better to make a friend of one's neighbor by foregoing, at his request, the exercise of some minor right which causes him discomfort, than to make an enemy of him by insisting upon the right simply because the law gives it. It does not appear that it would be difficult, or even inconvenient, to remove the pig yards which are nearest to the plaintiff's property to some other spot upon the farm. Good neighborliness strongly suggests that he ought to do so. A good neighbor is a great treasure. We can generally have such treasures if we are neighborly ourselves. The golden rule is just as good a rule of conduct now as it was nineteen hundred years ago. We are confident that if the defendant acts upon it in the present case he will in the end experience greater satisfaction from that action than he now experiences in the affirmance of this judgment.

*By the Court.*—Judgment affirmed.