P. H. HANES v. CAROLINA CADILLAC COMPANY.

(Filed 6 November, 1918.)

1. **Nuisance—Automobiles—Garage—Gasoline.**

 The general use of automobiles for business and pleasure make public garages and supply stations for gasoline, etc., an essential, and their establishment and maintenance are not nuisances *per se*.

2. **Same—Injunction.**

 In this case the court properly dissolved an order restraining the defendant from maintaining a garage and supply station for furnishing gasoline, etc., to the public at a place near the plaintiff's residence, the fact that it was a nuisance not having been established by a verdict of the jury, and the conditions under which it may be maintained as set forth in the judgment are held sufficient to safeguard the plaintiff's rights.

WALKER, J., dissents.

INJUNCTION PROCEEDING, heard by *Lane, J.*, at September Term, 1918, of FORSYTH.

From the order made the plaintiff appealed.

*Louis M. Swink and Hastings, Stephenson & Whicker for plaintiff.*
*A. E. Holton and D. H. Blair for defendant.*

BROWN, J. The plaintiff seeks to enjoin defendant until the final hearing of this cause from establishing a public supply station for automobiles on a lot near plaintiff's residence property. The judge dissolved the temporary restraining order and refused an injunction to the hearing, but required defendant not to store over 1,500 gallons of gasoline in its 8,000-gallon tank at one time. Whereupon defendant complied with the order and installed two 1,000-gallon tanks, instead of the 8,000-gallon tank. Defendant purposes to obey the order by storing 1,500 gallons in the two 1,000-gallon tanks.

Automobiles are of such general use that they have become a part of the daily life of our people in business as well as for pleasure. Public garages and supply stations are essential and cannot well be dispensed with. The establishment of such public conveniences even in residential sections of cities and towns have been held not to be a nuisance *per se*. *Sheman v. Lexington,* 128 N. Y., 681. It has been further held that the storage of gasoline in suitable tanks set well down in the earth does not constitute a nuisance *per se*. *Harper v. Standard Oil Co.,* 78 Mo. App., 338; *Cleveland v. Gaslight Co.,* 20 N. J. Eq., 201.

It is a general rule that where the thing complained of is not a nuisance *per se,* but may or may not become so, according to circumstances, and the injury apprehended is eventual or contingent, equity will not interfere. *Berger v. Smith,* 160 N. C., 208; *Chambers v. Cramer,* 54 L. R. A., 542.

The defendant's supply station has not been declared to be a nuisance by the verdict of a jury upon final hearing, and in the meantime we are of opinion that the rights of plaintiff have been duly safeguarded by the order made.

Affirmed.