## CHARLES L. PAKE, ET UX. v. LAMBERT R. MORRIS.

(Filed 11 May, 1949.)

**1. Nuisances § 4—**

In an action to enjoin the operation of a lawful business on the ground that it constituted a nuisance, an issue as to whether the business was operated in a manner so as to create a nuisance is proper.

**2. Trial § 36—**

Where the issue submitted arises on the pleadings and is determinative of the controversy, appellant's objection thereto on the ground of insufficiency is untenable.

**3. Trial § 38—**

It is not error for the court to refuse to submit issues tendered which relate only to evidentiary matter.

**4. Nuisances §§ 3a, 4—**

A fish scrap factory is a lawful business and does not constitute a nuisance *per se,* but may constitute a nuisance only in regard to the situation, environment and manner of its operation, and in plaintiffs' action to enjoin its operation an instruction to this effect and that its operation must create some substantial annoyance materially affecting plaintiffs' health, comfort or property in order to constitute a nuisance, is without error.

**5. Nuisances § 4—**

In an action to enjoin the operation of a lawful business on the ground that it constitutes a nuisance, verdict establishing that its past manner of operation did not constitute a nuisance would not preclude plaintiffs from instituting subsequent suit if in the future the plant should be so operated as to create a nuisance.

SEAWELL, J., dissents.

APPEAL by plaintiffs from *Edmundson, Special Judge,* December Term, 1948, from CARTERET.

Civil action to enjoin an alleged threatened nuisance in the operation of a fish factory in close proximity to plaintiffs' home near the Town of Beaufort in Carteret County.

The complaint alleges:

1. That in 1939, the plaintiffs purchased a tract of land on Taylor's Creek Canal in Carteret County, built their home and have continued to reside therein ever since.

2. That thereafter, the defendant acquired the adjoining property (site of the former Atlantic Fisheries Factory) situate about 500 feet from plaintiffs' home, and in November, 1947, commenced the operation of a fish-scrap factory, which so polluted the waters of the canal and permeated the air with such offensive odors as to render plaintiffs' home unfit for residential purposes and greatly annoyed their entire family, disturbing their comfort and injuring their health.

3. That the plaintiffs complained of the annoyance and nuisance and requested the defendant to desist from further operation of his factory, which he declined to do.

4. That on or about 23 June, 1948, the defendant's factory was destroyed by fire.

5. That plaintiffs' home, while defendant's factory was in operation, was rendered practically uninhabitable, and the comfort and health of their family greatly impaired.

6. That the defendant is now planning to rebuild and operate his factory on the same site, and threatens to continue the same offensive operations as heretofore to the irreparable injury of plaintiffs.

Wherefore, plaintiffs ask for a perpetual injunction.

Upon denial of the material allegations of the complaint and issues joined, the jury returned the following verdict:

"1. Are plaintiffs C. L. Pake and wife, Eleanor, the owners and in possession of the land described in the complaint? Ans. Yes (by consent).

"2. Has the defendant L. R. Morris maintained and operated the factory referred to in the complaint so as to create a nuisance, as alleged? Ans. No."

The plaintiffs objected to the second issue and tendered others in its stead.

From judgment on the verdict dismissing the action, the plaintiffs appeal, assigning errors.

R. A. Nunn for plaintiffs, appellants.

C. R. Wheatley, Jr., A. L. Hamilton, and J. F. Duncan for defendant, appellee.

STACY, C. J. We are here confronted with (1) the sufficiency of the issues to determine the controversy, and (2) the correctness of the charge.

The issues were taken from the case of Mewborn v. Rudisill Mine, 211 N.C. 544, 191 S.E. 28, and they seem quite sufficient to settle the present

controversy. *Roper v. Leary,* 171 N.C. 35, 87 S.E. 945. The issues submitted were evolved from the pleadings, *secundum allegata,* while those tendered by the plaintiffs relate only to evidentiary disputations. *Kirk v. R. R.,* 97 N.C. 82, 2 S.E. 536. The verdict suffices to determine the controversy. McIntosh on Procedure, 545. *Cf. McManus v. R. R.,* 150 N.C. 655, 64 S.E. 766.

A fish factory of the character disclosed by the record is not a nuisance *per se;* situation, environment, and manner of operation determine its status. *Webb v. Chemical Co.,* 170 N.C. 662, 87 S.E. 633; *Redd v. Cotton Mills,* 136 N.C. 342, 48 S.E. 761. Speaking to a similar situation in the adjoining County of Craven, it was said: "This Court would be slow to declare a lawful business a nuisance *per se." Duffy v. Meadows,* 131 N.C. 31, 42 S.E. 460.

The following is the heart of the instruction which forms the principal exception to the court's charge to the jury: "The mere fact that there is a fish scrap plant there does not constitute a nuisance *per se,* within itself. It must affect the health, comfort or property of those who live near. It must work some substantial annoyance, some material physical discomfort to the plaintiffs, or injury to their health or property."

The instruction was patterned after the opinion in *Duffy v. Meadows, supra,* and is fully supported by what was said therein.

Of course, the verdict here which negatives any past nuisance settles no more than the present controversy. It affords the defendant no license to operate its plant in the future so as to create a nuisance. The defendant is at all times subject to the law of the land. So conceded. *Sic utere tuo,* etc., is good law as well as good morals. *Cherry v. Williams,* 147 N.C. 452, 61 S.E. 267.

There is no error appearing on the record. The verdict and judgment .will be upheld.

No error.

SEAWELL, J., dissents.