DR. H. W. BARRIER v. HOMER L. TROUTMAN AND CAROLINA AIR PARK, INC.

(Filed 2 November, 1949.)

**1. Nuisances §§ 4, 5—**

The ancient writ of nuisance has been superseded under the code by civil action for damages or for a removal of the nuisance, or for both. G.S. 1-539.

**2.. Nuisances § 4: Injunctions § 4d—**

An individual may not maintain an action for a public nuisance unless he shows unusual and special damage, different from that suffered by the general public.

**3. Nuisances § 4: Injunctions § 4d—**

The injured party is entitled to restrain the operation of a business or enterprise, even though lawful, when he makes it appear that in its manner

of operation it constitutes a private nuisance, but interference by the court should not extend beyond that which is necessary to correct the evil and prevent the injury.

**4. Same—**

Abatement of a private nuisance is not dependent upon recovery of damages.

**5. Same: Injunctions § 3—**

In order for an injury to be irreparable it is not required that it be beyond the possibility of repair or compensation in damages, but it is sufficient if it be one to which complainant should not be required to submit or the other party to inflict and is of such continuous and frequent recurrence that reasonable redress cannot be had in a court of law.

**6. Nuisances § 1—**

An airport is a lawful enterprise and is not a nuisance *per se*, but may become a nuisance if its location, structure and manner of use and operation result in depriving complainant of the comfort and enjoyment of his property.

**7. Same: Nuisances § 4: Injunctions § 4d—**

Plaintiff alleged that by reason of the topography and the manner of its use and operation, planes using the airport on adjoining property flew over plaintiff's clinic at a height of not more than 100 feet, so as to constitute a recurrent danger and disturbance to plaintiff and patients of his clinic. *Held:* The complaint alleges a private nuisance, and upon verdict of the jury that the airport constituted a nuisance as alleged in the complaint, plaintiff is entitled to enjoin such use notwithstanding the further finding of the jury that plaintiff had not been damaged in a special and peculiar way.

**8. Costs § 3a—**

Where a cause has been remanded on appeal, the taxing of costs will follow the final judgment.

APPEAL by plaintiff from *Rudisill, J.,* June Term, 1949, of CABARRUS. Error and remanded.

This was a suit to enjoin the use of an airport alleged to have been so located and operated by the defendants as to constitute a private nuisance injurious to the plaintiff.

Plaintiff alleged that defendants had constructed the runway of their airport adjoining the premises on which plaintiff maintains his home and a clinic used in connection with his medical practice; that the runway extends in an east-west direction, with the west end thereof coming within 400 yards of plaintiff's property, and is 100 feet lower in elevation; that, due to the location and construction of the runway, aircraft in taking off and landing thereon must do so at so low an altitude as to endanger plaintiff's property and disturb the peace and enjoyment of the homes of plaintiff and of other local residents, and that the continuous use and

operation of the airstrip is injurious to health of those in plaintiff's home and clinic; that aircraft using defendants' airport continually fly over plaintiff's home and clinic at a height of not more than 100 feet and branches of trees on plaintiff's premises have been broken off; that the harsh noises incident to the use of the runway disturb plaintiff and his family, and the serenity, peace and security of his home and clinic; that the operation of the airport as it is now being operated constitutes a hazard and danger to person and property of plaintiff and to those who come to plaintiff's clinic for medical treatment, and constitutes a nuisance; that defendants after notice refuse to cease the operation of aircraft upon and along said runway in the manner in which it is now being used.

During the progress of the trial the plaintiff announced he was not seeking damages but an abatement of the nuisance, and to restrain the flying of airplanes over plaintiff's house and property.

The determinative issues submitted to the jury were answered as follows:

"Is the airport of defendants so located and used that planes operating to and from it constitute a nuisance as alleged in the complaint? Answer: Yes.

"If so, has the plaintiff been damaged in a special and peculiar way by reason thereof? Answer: No."

It was adjudged that plaintiff recover nothing from defendants, that plaintiff's prayer for an injunction be denied, and that plaintiff pay the costs.

Plaintiff excepted and appealed.

*Hartsell & Hartsell, John Hugh Williams, and E. T. Bost, Jr., for plaintiff, appellant.*

*Smathers, Smathers & Carpenter, R. Furman James, and W. S. Bogle for defendants, appellees.*

DEVIN, J. The trial leading up to the verdict was without exception. The defendants did not appeal, and the plaintiff's appeal brings up only his exception to the denial of his motion for an injunction based upon the verdict of the jury.

Remedy by the ancient writ of nuisance has long since been superseded under the code by civil action for damages, or for removal of the nuisance, or both. G.S. 1-539. And the rule is established that for a public nuisance where rights and privileges common to the public or to all the people of the community are injuriously interfered with, no action lies in favor of an individual in the absence of a showing of unusual and special damage, differing from that suffered by the general public. But where the nuisance results from violation of private rights and are such

as to constitute a private wrong by injuring property or health, or where by the use of structures and permitted conditions a nuisance has been created, causing annoyance to the individual and disturbing him in the possession of his premises and rendering the use and occupancy thereof uncomfortable, injuriously affecting the peace and menacing the health and safety of his home, the law affords the injured person redress remedial or preventive. *Cherry v. Williams,* 147 N.C. 452, 61 S.E. 267; *McManus v. Southern Ry. Co.,* 150 N.C. 655, 64 S.E. 766; *Pruitt v. Bethell,* 174 N.C. 454, 93 S.E. 945; *Anderson v. Waynesville,* 203 N.C. 37, 164 S.E. 583; *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593; 39 Am. Jur. 428. Where the nuisance is continuous and recurrent and the injury irreparable, and remedy by way of damages inadequate, equity will restrain, even though the enterprise be in itself lawful. But to justify injunction it must appear that the business or enterprise complained of, in the manner in which it is conducted, is a nuisance, and that interference by the court does not extend beyond what is necessary to correct the evil and prevent the injury. *Clinton v. Ross, supra.*

The equitable remedy of injunction to abate a private nuisance is not dependent upon recovery of damages, if the right is clearly established. *Simpson v. Justice,* 43 N.C. 115; *Redd v. Cotton Mills,* 136 N.C. 342, 48 S.E. 761; 2 Wood on Nuisances, 1128.

To constitute irreparable injury it is not essential that it be shown that the injury is beyond the possibility of repair or possible compensation in damages, but that the injury is one to which the complainant should not be required to submit or the other party permitted to inflict, and is of such continuous and frequent recurrence that no reasonable redress can be had in a court of law. 2 Wood on Nuisances, 1126; Black's Law Dictionary; 39 Am. Jur. 425, *et seq.*

The establishment and maintenance of an airport is a lawful enterprise, of growing significance in modern life. *Goswick v. Durham,* 211 N.C. 687, 191 S.E. 729; *Turner v. Reidsville,* 224 N.C. 42 (45), 29 S.E. 2d 211; *Airport Authority v. Johnson,* 226 N.C. 1, 36 S.E. 2d 803. An airport may not be regarded as a nuisance *per se,* but in the location, structure and manner of use and operation it may become so where its operation deprives the complainant of the comfort and enjoyment of his property. *U. S. v. Causby,* 328 U.S. 256; *Sweetland v. Curtis Airport Corp.,* 55 F. 2d 201, 83 A.L.R. 319; *Delta Air Corp. v. Kersey,* 193 Ga. 862, 20 S.E. 2d 245; G.S. 63-13; G.S. 63-18; G.S. 63-30. In *Baltimore & Potomac R. R. Co. v. Fifth Baptist Church,* 108 U.S. 317, it was said: "That it is a nuisance, which annoys and disturbs one in the possession of his property, rendering its ordinary use and occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrong-doer, and

when the cause of annoyance and discomfort are continuous, courts of equity will interfere and restrain the nuisance." In *Sweetland v. Curtis Airport Corp., supra,* it was said: "Courts have not hesitated to enjoin the operation of a legitimate business which, because of its location, constituted a private nuisance, when it clearly appeared that there was no other complete remedy for the injury done."

In the case at bar the verdict of the jury established the fact that the airport of the defendants was so located and used that planes operating to and from it constituted a nuisance "as alleged in the complaint." This finding was without exception by the defendants. The complaint alleged a private nuisance as distinguished from a public nuisance, that is, that the described injuries, discomforts, and annoyances resulted from violation of plaintiff's private rights rather than those common to the public generally. 1 Wood on Nuisances, 34. Hence, we think the plaintiff was entitled to the remedy by injunction, restraining the continued use and operation of the airport in such a way as to injure the plaintiff in the manner alleged in his complaint.

Plaintiff assigns error in the adjudication against him of the costs in the trial court, but as the cause must be remanded for the error herein pointed out, the costs will follow the final judgment. *Williams v. Hughes,* 139 N.C. 17, 51 S.E. 790; *Zebulon v. Dawson,* 216 N.C. 520, 5 S.E. 2d 535.

Error and remanded.