EMMA WILCHER, REB WINSTEAD, JOE ODUM, PAT FUGATE, THOMAS W. COBB AND L. C. COBB v. ALTON B. SHARPE.

(Filed 15 October, 1952.)

**1. Nuisances § 3a—**

The operation of a hammer feed mill for the processing of corn and other grains is not a nuisance *per se.*

**2. Injunctions § 4d—Proposed business will not be enjoined on mere conjecture that its operation would constitute nuisance.**

Plaintiffs instituted suit to restrain defendant from erecting and operating a proposed hammer feed mill for corn and other grains on the ground that the operation of such business in the locality would constitute a nuisance from loud noises and from dust and dirt in the atmosphere within the radius of plaintiffs' residences. *Held,* The basis of the suit is the mere apprehension of a nuisance, and plaintiffs are entitled to enjoin the future operation of a legitimate business only upon allegations of fact which show with reasonable certainty that such operation would constitute a nuisance, and may not be granted injunctive relief upon conflicting evidence as to whether the proper operation of such business would constitute a nuisance in fact.

**3. Municipal Corporations § 37—**

An ordinance of a municipality prohibiting the erection of gins or mills within the corporate limits without the consent of property owners within three hundred feet of each proposed site is void, since it involves the delegation of legislative power to private individuals.

**4. Injunctions § 4d—**

The refusal of a court of equity to enjoin a legitimate business on allegations of apprehended injury from its future operation does not afford defendant license to operate such business so as to create a nuisance, and plaintiff would not be without remedy in case the apprehended injury should eventuate.

**5. Injunctions § 8—**

In a suit in which the sole objective is a permanent injunction it is proper, upon the hearing of an order to show cause why the temporary order should not be continued to the hearing, to sustain defendant's demurrer to the complaint when it fails to state facts sufficient to entitle plaintiffs to equitable relief.

APPEAL by defendant from *Bone, J.,* at Chambers, 26 July, 1952, WILSON. Error and remanded.

Plaintiffs instituted this action to restrain the defendant from the erection and operation of a hammer feed mill for processing corn and other grains in the town of Elm City.

Plaintiffs are citizens and residents of Elm City. They alleged that the defendant had begun the erection of a building in which to operate a hammer feed mill on the south side of Main Street in Elm City near the residences of the plaintiffs, and that the operation of such a mill as defendant proposes to use in the shelling, hammering and grinding of corn would cause loud noises and produce dust and dirt, rendering the atmosphere unclean within the radius of plaintiffs' residences; that these disturbances would injuriously affect the health, comfort and pleasure of the plaintiffs; that the maintenance and operation of the proposed mill would constitute a nuisance and cause irreparable damage to plaintiffs in the enjoyment of their property. It was also alleged that shortly before this suit was instituted the town of Elm City had adopted an ordinance "that no more gins or mills be erected in the corporate limits of the town without the consent of all property owners in 300 feet of proposed site of building."

Temporary restraining order and order to show cause were issued by Judge Harris. On the return thereof before Judge Bone the plaintiffs offered the verified complaint and several affidavits in support of the allegations of the complaint, and the defendant offered affidavits *contra* tending to show that the feed mill proposed could and would be so constructed and operated as largely to prevent the escape of dust, and that no unusual noises would be created. The defendant also offered evidence that he had already expended $8,000 for building materials and equipment, and that on the adjoining lot there was a cotton gin which had been operated for several years, and a blacksmith shop in the same block; and that the area around the site of defendant's proposed mill was not an exclusively residential section.

After considering these affidavits Judge Bone entered order continuing the restraining order to the hearing, and the defendant excepted and appealed.

*Hooks & Spence for plaintiffs, appellees.*

*Gardner, Connor & Lee, Sharpe & Pittman, and George Rabil for defendant, appellant.*

DEVIN, C. J. The defendant had begun the erection of a building in Elm City with the intention of installing therein a feed mill for processing corn and other grains, and had spent for materials and equipment $8,000

when the plaintiffs entered suit and obtained a temporary restraining order.    This was based upon the ground that the proposed mill when completed and in operation would injuriously affect the owners of adjacent residences by loud noises and the discharge of dust from the milling operations.    It was alleged that the business as plaintiffs apprehended it would be conducted would constitute a nuisance.    Upon the view set forth in plaintiffs' complaint and supporting affidavits the restraining order was continued to the hearing.

We are unable to agree with the learned judge who heard this case below.

The defendant proposes to engage in a legitimate business, and one doubtless not without some advantage to the community.    The milling of corn and other grains is not a nuisance *per se.*    It can only become so by reason of the manner in which the business is conducted.    That is still in the realm of conjecture.    It rests only on the allegation of apprehension.

There was conflicting evidence whether other milling plants of the type it was alleged defendant proposed to erect created unusual noises or discharged dust affecting near-by residences.    There was also evidence that devices could be installed to prevent these annoyances.

The defendant is entitled to the enjoyment of his property rights in so far as they do not injuriously affect the rights of others.    The courts are slow to interfere by injunction with the conduct of business enterprises. *Redd v. Cotton Mills,* 136 N.C. 342, 48 S.E. 761; *Duffy v. Meadows,* 131 N.C. 31, 42 S.E. 460.    It was said by the Court in *Dorsey v. Allen,* 85 N.C. 358, "When the anticipated injury is contingent and possible only, or the public benefit preponderates over a private inconvenience, the Court will refrain from interfering."

In *Durham v. Cotton Mills,* 141 N.C. 615, 54 S.E. 453, the Court used this language: "When the interposition by injunction is sought to restrain that which it is apprehended will create a nuisance, the proof must show that the apprehension of material and irreparable injury is well grounded upon a state of facts from which it appears that the danger is real and immediate."    The mere apprehension of a nuisance is insufficient to warrant equitable relief, and in order to restrain future acts with respect to the use of a proposed building, it is necessary to set forth facts which show with reasonable certainty that such result would likely follow.    *Greenville v. Highway Com.,* 196 N.C. 226, 145 S.E. 31.

Where the evidence of a threatened nuisance goes beyond conjecture and is established by satisfactory proof, or by the verdict of a jury as was done in *Barrier v. Troutman,* 231 N.C. 47, 55 S.E. 2d 923, a court of equity will afford relief.

The allegations of the complaint are insufficient to show a public nuisance injuriously affecting the rights of all the people of the commu-

nity, "something inherently injurious to the public health, safety or morals." *Clinton v. Ross,* 226 N.C. 682, 40 S.E. 2d 593. But it is alleged that the proposed use and operation of defendant's mill will create a private nuisance violative of the rights of these plaintiffs, causing annoyance from loud noises and the discharge of unwholesome dust affecting the health and the comfort and enjoyment of their homes. A nuisance was defined in *Baltimore & Potomac Railroad Co. v. Fifth Baptist Church,* 108 U.S. 317, as follows: "That is a nuisance, which annoys and disturbs one in the possession of his property, rendering its ordinary use or occupation physically uncomfortable to him. For such annoyance and discomfort the courts of law will afford redress by giving damages against the wrong-doer, and when the cause of the annoyance and discomfort are (is) continuous, courts of equity will interfere and restrain the nuisance." *Barrier v. Troutman, supra.*

The general rule established in this jurisdiction is that when the owner of property is about to engage in a business enterprise which may or may not become a nuisance according to the manner in which it may be conducted, courts usually will not interfere in advance to restrain such an undertaking, especially when the apprehended injury is "doubtful, or contingent or eventual." This is true when the business may be of some benefit to the community and the injury threatened relates to the comfort and convenience of complainants rather than such as imports immediate and serious injury to health or property rights. In the absence of showing of serious threat of this nature it would seem that adequate redress might in most instances be obtained by an action at law. *Cherry v. Williams,* 147 N.C. 452, 61 S.E. 267; *Berger v. Smith,* 160 N.C. 205, 75 S.E. 1098; *Webb v. Chemical Co.,* 170 N.C. 662, 87 S.E. 633; *Holton v. Oil Co.,* 201 N.C. 744, 161 S.E. 391. "It is a general rule that where the thing complained of is not a nuisance *per se,* but may or may not become so, according to the circumstances, and the injury apprehended is eventual or contingent, equity will not interfere." *Hanes v. Carolina Cadillac Co.,* 176 N.C. 350, 97 S.E. 162. To justify interference with defendant's right of property it must be made to appear that the proposed mill either *per se* or necessarily in the manner of its operation will become a nuisance. 7 A.L.R. 763 (note).

In support of this suit for an injunction against the erection of the proposed mill, the plaintiffs call attention to the ordinance adopted by the town of Elm City shortly before this suit was instituted, but this will not avail the plaintiffs. The ordinance as enacted cannot be upheld either as a zoning regulation under the statute, G.S. 160-172, *et seq.,* or as an exercise of the police power of the town. *Shuford v. Waynesville,* 214 N.C. 135, 198 S.E. 585. The ordinance purports to prohibit the erection of a gin or mill in the town without the consent of neighboring property

owners. Where the effectiveness of an ordinance determining the use of property for a lawful purpose is conditioned upon the assent or permission of private persons, such as the owners of adjacent property, it must be held invalid, as it involves the delegation of legislative power to private individuals. *S. v. Bass,* 171 N.C. 780, 87 S.E. 972; *Re Perrin,* 305 Pa. 42; 37 A.J. 783; 119 A.L.R. 1462; 79 A.L.R. 912.

The refusal of a court of equity to enjoin a legitimate business on allegations of injury apprehended from the future conduct of the business, however, does not leave the plaintiffs without remedy in case the apprehended injury should eventuate, and their rights be injuriously affected by what proves to be a nuisance in the use of the building. In *Pake v. Morris,* 230 N.C. 424, 53 S.E. 2d 300, it was held, under the circumstances there appearing, that a fish factory was not a nuisance *per se.* There was a verdict in that case for the defendant. *Chief Justice Stacy,* speaking for the Court, said: "Of course, the verdict here which negatives any past nuisance settles no more than the present controversy. It affords the defendant no license to operate its plant in the future so as to create a nuisance. The defendant is at all times subject to the law of the land." *Webb v. Chemical Co., supra.*

The defendant's exception to the judgment below continuing the temporary restraining order to the hearing was supplemented in this Court by a demurrer *ore tenus* on the ground that the complaint does not state facts sufficient to constitute a cause of action.

It is apparent that plaintiffs' suit to enjoin the erection and operation of the proposed feed mill was based on two grounds. First, it was alleged the town ordinance prohibiting the erection of a "mill" without the consent of adjacent property owners entitled the plaintiffs to injunctive relief, but we have seen that this position cannot be sustained. The second ground relied on for maintenance of the suit is the allegation that if the building is erected and the feed mill installed therein it is apprehended a nuisance will be created by noise and dust to the inconvenience and discomfort of plaintiffs in their homes, constituting a threat to good health. While the maintenance of structures and operations presently producing these annoyances might afford sufficient grounds upon which to base an action, the allegations of the complaint relate only to anticipated injuries which at this time are merely conjectural and contingent. The complaint does not allege any inconvenience has been occasioned, nor does it set out facts showing substantial grounds for anticipating immediate danger to health or comfort of the plaintiffs, or that a nuisance will be created.

The demurrer is sustained, with leave to the plaintiffs to amend, if so advised; otherwise the complaint to stand dismissed.

This disposition of the present appeal would not estop the plaintiffs from taking further or renewed action in the event the mill should be operated in such manner as to create a nuisance injurious to the rights of the plaintiffs.

The order continuing the restraining order is stricken out and the cause is remanded for proceedings not inconsistent with this opinion.

Error and remanded.