Matthias, J.
The sole issue presented by this appeal is whether a provision of a zoning resolution adopted by a Board of Township Trustees is valid, where it prohibits as a nuisance the establishment, throughout the unincorporated territory of the township, of “aviation fields, landing fields, either for private or public use, runways, airplane hangars, proving or instruction grounds.” This issue is determinable by a consideration of whether such a zoning regulation is within the scope of the police power delegated to township trustees by Chapter 519, Revised Code, entitled “Township Zoning.”
*351 Subdivision 14, section five of the zoning resolution, adopted yy the Board of Township Trustees of Columbia Township, liorain County, reads as follows:
“The following uses shall be deemed to constitute a nuisance and shall not be permitted in any ‘R,’ ‘B,’ or ‘I’ dis-;ricts:
Í C * * *
“14. Aviation fields, landing fields, either for private or public use, runways, airplane hangars, proving or instruction grounds.”
It is apparent from the language used in this subdivision of the zoning resolution that the township trustees of Columbia Township have declared, or “deemed,” airports to be public nuisances per se and for that reason alone have banned them from the unincorporated territory of Columbia Township. Whether such action was within the scope of their delegated power concerns solely a matter of law, i. e., whether the provision of the zoning resolution here under consideration is valid on its face, and an almost summary investigation of the statutes affords a solution to the problem.
At the outset it must be noted that the townships of Ohio lave no inherent or constitutionally granted police power, the power upon which zoning legislation is based. Whatever police or zoning power townships of Ohio have is that delegated by ;he General Assembly, and it follows that such power is limited to that which is expressly delegated to them by statute.
The statutes in question (now Sections 519.01 through 519.99, and especially Section 519.02, Revised Code), enacted by the General Assembly in 1947, expressly give township trustees the power to regulate by resolution certain incidents of activity in the unincorporated territory of their respective townships, including the “uses of land for trade, industry, residence, recreation, or other purposes.”
There are many related questions into which the court might delve at this point, but which are irrelevant in the face of the inescapable conclusion that the General Assembly can not be held to have delegated to township officials the authority to adopt zoning resolutions which are in contravention of general laws previously enacted by the General Assembly.
*352 The General Assembly, in 1945, defined “aviation” “transportation by aircraft; operation of aircraft; the esta lishment, operation, maintenance, repair, and improvement o\ airports, landing fields, and other air navigation facilities; an all other activities connected therewith or incidental thereto See subdivision (A) of Section 4561.01, Revised Code, and it! history.
At that time, the General Assembly also described, a¡ follows, the purpose of the “Ohio Aviation Board”:
“The Ohio Aviation Board shall encourage the develop\ ment of aviation and the promotion of aviation education with] in this state as, in its judgment, may best serve the publi interest.” (Emphasis added.) See Section 4561.06, Revisec] Code, and its history.
Section 4561.13, Revised Code, provides:
“Every state, county, and municipal officer charged witl| the enforcement of state or municipal laws shall aid the Ohi Aviation. Board in the enforcement of Sections 4561.01 to 4561 16, inclusive, of the Revised Code.”
It is apparent from a reading of the above that the General Assembly definitely does not consider airports as being nuisances per se, but, to the contrary, that it does consider airports, which are necessary incidents to “aviation” as defined, as objects worthy of promotion and encouragement under the auspices of an “Ohio Aviation Board” expressly created for those purposes.
The view that airports are not nuisances per se is also supported by the great weight of authority. See Barrier v. Troutman, 231 N. C., 47, 55 S. E. (2d), 923; Batcheller v. Commonwealth, ex rel., 176 Va., 109, 10 S. E. (2d), 529; Brandes v. Mitterling, 67 Ariz., 349, 196 P. (2d), 464; Warren Township School Dist. v. City of Detroit, 308 Mich., 460, 14 N. W. (2d) 134; Kuntz v. Werner Flying Service, Inc., 257 Wis., 405, 43 N. W. (2d), 476; and Crew v. Gallagher, 358 Pa., 541, 58 A. (2d), 179.
See, also, 2 Yoldey, Zoning Law and Practice, 50, Section 203; 2 Corpus Juris Secundum, 909, Section 29; and 2 Metzen-baum, Law of Zoning, 1554.
Since, then, the General Assembly has indicated in its *353 aneral laws that airports are beneficial to the pnhlic of Ohio nd are to be promoted and encouraged, it follows that in elegating to township trustees the power to zone it did not íclude in that delegation the power to circumvent the general iw by completely prohibiting airports, throughout the unin-orporated territory of a township, as being nuisances per se. t is our conclusion that subdivision 14 of section five of the oning resolution adopted by the Board of Township Trustees f Columbia Township is an unlawful extension of the power elegated to township trustees by Chapter 519, Revised Code, ‘Township Zoning,” and that it is, therefore, invalid and un-nforceable.
It is apparent that the relief prayed for by the plaintiffs hould have been granted by the Court of Appeals upon the rial de novo. The judgment of that court is hereby reversed md the cause remanded to the Common Pleas Court for execu-;ion in accordance herewith.

Judgment reversed.

WeygaNdt, C. J., Zimmerman, Stewart, Bell, Taet and Herbert, JJ., concur.