Samuel W. Eager, J.
This action is brought by the Town of Mount Pleasant to enjoin the operation by the defendants of an alleged piggery upon certain premises located in the town. It is claimed by the plaintiff town that the use of the premises is in violation of zoning ordinance provisions, and, further, that, in any event, the operation is such as to constitute a public nuisance. The premises in question consist of about 12 acres of land owned by the defendant Van Tassell, including a house and some outbuildings. She and four tenants (also defendants) for some time past have been and now are carrying on upon the premises the business of raising pigs for the market.
*644 The premises are situate in a district restricted generally to dwelling and office building uses. The business of raising pigs is prohibited in the district unless it falls within the classification of ‘ ‘ farming ’ The ordinance expressly permits ‘ ‘ Farming, truck gardening, nursery or greenhouse ’ ’ uses in the particular district. It is clear, however, that the premises of the defendant Van Tassell are not being used as a farm and that the operations of the defendants thereon are not ‘ ‘ farming ” within the usual meaning ascribed to that term. The pigs raised on the premises, approximately 200 at a time, are principally kept in and confined to runs or sties, which occupy but a comparatively small part of the total acreage. They are not maintained in any way by produce from the land, but, in fact, their fodder is chiefly garbage and waste products carted in from the outside. There is, also, in fact no general tilling or substantial raising of crops of any description on this 12-acre tract. ‘ ‘ Farming ’ ’ as the term is generally understood, is the act or business of cultivating and using the land and the soil thereof for production of crops for the use of man and animals and incidental purposes. The incidental purposes may include animal husbandry, stock-raising or dairying. But the raising of pigs or other animals as a business, with their confinement all or most of the time in buildings or pens occupying a small part of a large tract of land, with the raising thereof not being incidental to the use of the tract for agricultural purposes, is not farming. (See Town of Lincoln v. Murphy, 314 Mass. 16, Ann. 146 A. L. R. 1201; Matter of Johnson v. Debaun, 206 Misc. 806; Matter of Colasuonno v. Dassler, 183 Misc. 904; Chudnov v. Board of Appeals of Town of Bloomfield, 113 Conn. 49; Whitpain Township v. Bodine, 372 Pa. 509.) “ It has long been recognized that the maintenance of a piggery is a use of land different from that of ordinary farming ”. (Town of Lincoln v. Murphy, supra, p. 20.) It is held, therefore, that the present use by the defendants of the premises is in violation of the terms of the ordinance.
The defendants, however, claim a vested right to continue their present use of the premises as a nonconforming use existing at the time of the first enactment of the zoning ordinance in 1928. I find that in 1928, and prior thereto, the premises were being used in agricultural pursuits. The defendant Van Tassell’s father, who owned the farm, kept a dairy on the farm and sold milk products in neighboring communities. He raised various and substantial vegetables and fruit crops which he peddled around and sold on the market. True, in 1928 and prior thereto, a quantity of pigs were being *645 raised on the premises, but this was incidental to and part of a true farming business producing various farm commodities for the market. The premises at present, however, cannot truthfully be said to be used in such a business. If they were being so used, there would be no violation of the ordinance, for, as noted above, the express terms thereof permit such use. But, here, there was a discontinuance of the use of the premises for farming, and the devotion of a part of the land to piggeries, operated principally by the tenants, who have no interest in the tilling or other use of the premises as a whole. This is a decided change in and an unauthorized use of the premises.
The commercial raising of pigs by the defendants is in violation of the terms of the ordinance, and the burden is upon defendants to show that their constitutional and vested rights are being violated by the enforcement of the ordinance. This, they have failed to do.
Finally, it is also concluded that the plaintiff has established its second cause of action grounded in alleged public nuisance. True, the commercial raising of pigs is a lawful occupation, but, it is to be borne in mind that, in this great country of ours, the conduct and acts of an individual are necessarily circumscribed for the benefit of the health and welfare of people generally, and, also, so far as reasonably necessary, for the protection of other individuals in their property rights. Therefore, it is settled law that the right of one to carry on a business upon his property is subject to an implied obligation on his part to so conduct the business that it will not be unreasonably and substantially injurious to the well-being of the public generally or to individuals in their proper use and enjoyment of neighboring property. (See 66 C. J. S., Nuisances, §§ 8, 9; Bohan v. Port Jervis Gaslight Co., 122 N. Y. 18; Peters v. Moses, 171 Misc. 441, mod. 259 App. Div. 307.) Thus, the conduct of any business, though lawful per se, will amount to a nuisance, subject to restraint as such, where it is carried on at such a location and in such a manner that it unreasonably and materially interferes with the general well-being, health or property rights of neighbors or of people generally. (66 C. J. S., Nuisances, §§ 8, 9.) And the nuisance is a common or public nuisance as distinguished from a mere private nuisance where the location at which and the manner in which the business is conducted is such that it causes substantial annoyance and discomfort indiscriminately to many and divers persons who are continually or may from time to time be in the vicinity. (See Penal Law, § 1530; 66 C. J. S., Nuisances, § 2.)
*646 Here, it is established that the operations of the defendants in the raising and keeping of pigs are such that foul and nauseating odors are carried on to and permeate the air in and about the public highway and neighboring lands. Bats are living on the property in numbers and they would tend to stray off the property onto the public highway and onto adjoining lands. From time to time, a number of uncovered cans of untreated and decomposing garbage are permitted to stand on the property, which have a tendency to draw rats and flies. The garbage is cooked in the open on the property over a wood fire, and this particularly contributes to the unpleasant odors carried beyond the limits of the premises of the defendant Van Tassell. The public and neighboring residents have the right to be protected from the unreasonable acts of the defendants causing rats, flies and foul odors and rendering travel on the public highway and residence in the vicinity particularly uncomfortable. (See 66 C. J. S., Nuisances, § 33. See, also, Commonwealth v. Perry, 139 Mass. 198; Commonwealth v. Armstrong, 24 Pa. Co. Ct. 442; State v. Kaster, 35 Iowa 221; Kansas City v. Sihler Hog Cholera Serum Co., 87 Kan. 786.) In fact, it is well established that noxious smells or odors alone may constitute a nuisance although they are not unwholesome ' or injurious to the health but merely offensive and unpleasant. (66 C. J. S., Nuisances, § 23, subd. d, p. 778; Stoneburner v. O-Gas-Co. Sales Corp., 135 Misc. 216; Bohan v. Port Jervis Gaslight Co., 122 N. Y. 18, supra.)
It is immaterial that many of the complainants against defendants are “ new-comers ” in the neighborhood, so to speak. It was the undoubted right of the adjoining property owners to devélop their properties into residential sites, and the fact that no one in the past was particularly injured by the unlawful acts of the defendants is immaterial. As argued by the plaintiff, it is true that no prescriptive right may be obtained to maintain a public nuisance. (66 C. J. S., Nuisance, § 92.)
Plaintiff shall have judgment on both causes of action, but ■without costs. This shall stand as the decision of the court. Settle judgment on notice, with provision for a reasonable time to defendants to dispose of their animals and with due provision for protection of defendant Van Tassell in her right to conduct bona fide farming operations with reasonable safeguards • against the presence of rats and the spreading of foul odors.