D. R. MOODY, Chairman of Deacons of SANDY BRANCH BAPTIST CHURCH, LEE EMERSON, HAYWOOD FIELDS, LEROY FIELDS, CURTIS MOODY, CURTIS MOORE, THOMAS MOODY and EULON KISER, Deacons of SANDY BRANCH BAPTIST CHURCH on Behalf of Sandy Branch Baptist Church and on Behalf of Themselves Individually and Other Residents of Chatham County Similarly Situated v. THE LUNDY PACKING COMPANY, a Corporation, and THE LUNDY SALES CORPORATION, a Corporation

No. 7015SC113

(Filed 1 April 1970)

1. **Nuisance §§ 1, 3— operation of hog buying station**

The operation of a hog buying station is not a nuisance *per se*, although it could become a nuisance *per accidens* when improperly maintained or conducted.

2. **Nuisance § 7; Injunctions § 7— enjoining a lawful business enterprise**

While a court of equity will enjoin a threatened or anticipated nuisance under proper circumstances, courts are reluctant to enjoin the operation of a legitimate business enterprise; and where the thing complained of is not a nuisance *per se* but may or may not become a nuisance, depending upon circumstances not yet existing, and the injury apprehended is merely contingent or eventual, equity will not interfere.

3. **Nuisance §§ 3, 7— action to enjoin operation of hog buying station — sufficiency of allegations**

In an action by a rural church to restrain defendants from constructing and operating a hog buying station within 600 feet of the church, allegations that the defendants will have a minimum of 200 hogs daily at the station and that the defendants own and operate other hog buying stations which give off offensive odors and cause annoyance and discomfort to persons residing within 1000 feet of the stations, *held* insufficient to state a cause of action that the proposed station will constitute a nuisance.

Appeal by plaintiff from *Brewer, J.,* 28 July 1969 Civil Session Alamance Superior Court.

Plaintiffs, who are Deacons of the Sandy Branch Baptist Church, instituted this action to restrain defendants from the construction and operation of a hog buying station on property in Chatham County owned by defendant, Lundy Sales Corporation, which property is in close proximity to the Sandy Branch Baptist Church property.

Certain portions of plaintiff's complaint were stricken on defendant's motion. Although plaintiffs objected and excepted to the entry of the order striking portions of the complaint, they did not bring forward their exceptions and assign them as error. We, there-

fore, consider the complaint as it is after the stricken portions are deleted.

The plaintiffs by their complaint allege, in substance except where quoted verbatim:

Plaintiffs are residents of Chatham County and are the duly elected, qualified and acting deacons of Sandy Branch Baptist Church, Route 2, Bear Creek, North Carolina. Defendant, Lundy Packing Corporation, is a North Carolina corporation with its office and principal place of business located in Clinton, Sampson County, North Carolina. Defendant, Lundy Sales Corporation, is a New York corporation. Defendants are engaged in the operation of hog buying stations. Plaintiffs bring this action as individuals and as deacons of Sandy Branch Baptist Church on behalf of the church and its members, for themselves and other residents of Chatham County similarly situated. The church owns a tract of land in Gulf Township, Chatham County, containing approximately 15 acres, and has an investment in buildings on said lands in excess of $150,000. Upon the lands the church operates a church as a place of worship for its members and the general public, a kindergarten, a parsonage and various other church facilities. The property also contains a cemetery with approximately 800 graves.

Lundy Sales Corporation has purchased a tract of land within 75 feet of the property of the church and within 500 feet of the parsonage. Defendants have established a well on the property and have announced plans to build a hog buying station on said land within 500 feet of the parsonage and within 600 feet of the church.

"That defendants operate hog buying stations near Pine Level, North Carolina and at other locations within the State of North Carolina and plaintiffs are informed and believe that hog buying stations now owned and operated by defendants give off offensive odors which deprive persons residing within 1,000 feet of said stations of the peace, comfort, happiness and enjoyment of their homes, unmolested and free from the harmful, unhealthy, injurious and unpleasantness created and maintained through the operation of the hog buying stations."

Defendants have advised plaintiffs of their plans to construct and operate a hog buying station and that "such operation would be similar to other hog buying stations now operated by the defendants within the State of North Carolina."

The "operation and maintenance of the hog buying station as aforesaid would render Sandy Branch Baptist Church and the homes

of those who reside in the immediate locality within a distance of 1,000 feet unhealthy and undesirable and would deprive the said church members and the public of the peace, comfort, happiness and enjoyment of the church, kindergarten and other church facilities, unmolested and free from the unhealthy, unpleasant conditions which would be created and maintained through the operation of said hog buying station and would create a constant nuisance." Plaintiffs and the people in the immediate locality enjoy wholesome, happy, and sanitary surroundings. Defendant's agents have advised that there will be a minimum of 200 hogs at the station daily, and "plaintiffs are informed and believe conditions created thereby will cause flies and other insects to invade the premises of these plaintiffs and those of their immediate neighbors, with the constant inherent danger of carrying contamination which breeds germs and diseases and making it impossible for children to have access to their normal round of activities in the open air during either day or night."

The "conditions hereinbefore recited" would result in destruction of the church's enjoyment and use of its property and cause unhealthy, unsanitary and unwholesome conditions which would become injurious to the mental and physical well being of its members and the value of the church property would be destroyed.

The "said conditions to be brought about and induced by the conduct and action of the defendants" would result in destruction of all property value in the neighborhood and would amount to a taking of plaintiff's property without due process of law.

Defendants knew at the time of the purchase of their land that the land was in a populated community and knew that Sandy Branch Baptist Church had been operating its church there for almost a century.

Plaintiffs are without an adequate remedy at law.

Plaintiffs pray for the issuance of a temporary restraining order and an order to show cause why the temporary order should not be continued to the final determination of the matter and ask that defendants be permanently enjoined from constructing and maintaining a hog buying station within 1,000 feet of the property of the church or within such further distance as would unreasonably interfere with the use and enjoyment of the church's property.

A temporary restraining order was issued on 17 June 1969, and a show cause hearing was set for 2 July 1969, and thereafter, by consent, continued to 28 July 1969. At the show cause hearing, defendants demurred in writing to the complaint. The demurrer was

overruled, and defendants objected and excepted to the signing and entry of the order overruling the demurrer. Defendants did not appeal but have demurred *ore tenus* in this Court.

After hearing the testimony at the show cause hearing, the court entered an order finding facts and dissolving and vacating the temporary restraining order.

Plaintiffs appealed.

*Robert L. Gunn for plaintiff appellants.*

*Poyner, Geraghty, Hartsfield & Townsend, by N. A. Townsend, Jr., for defendant appellees.*

MORRIS, J.

Although plaintiffs excepted to certain of the court's findings of fact and grouped these exceptions as assignments of error Nos. 1 and 2, they did not bring these assignments of error forward and argue them in their brief. They are, therefore, deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. The only assignments of error brought forward and argued by plaintiffs are Nos. 3 and 4. No. 3 is directed to the court's conclusion that plaintiffs had failed to establish their entitlement to have the restraining order continued and No. 4 assigns as error the signing and entry of the order dissolving the temporary restraining order. We do not reach either of these assignments of error for discussion, because we are of the opinion that defendant's demurrer should be sustained.

[1] Defendants propose to engage in a lawful business enterprise. The operation of a hog buying station is not a nuisance *per se*. Without doubt, it could become a nuisance *per accidens* when improperly maintained or conducted. *Hall v. Budde,* 293 Ky. 436, 169 S.W. 2d 33 (1943); *Kays v. City of Versailles,* 224 Mo. App. 178, 22 S.W. 2d 182 (1929); *Vana v. Grain Belt Supply Co.,* 143 Neb. 118, 10 N.W. 2d 474 (1943); *Francisco v. Furry,* 82 Neb. 754, 118 N.W. 1102 (1908); *Town of Mt. Pleasant v. Van Tassell,* 166 N.Y.S. 2d 458, 7 Misc. 2d 643 (1957), affd. 177 N.Y.S. 2d 1010 (1958); *Royalty v. Strange,* Tex. Civ. App., 204 S.W. 870 (1918); *State ex rel Tollefson v. Mitchell,* 25 Wash. 2d 476, 171 P. 2d 245 (1946); *Clark v. Wambold,* 165 Wis. 70, 160 N.W. 1039 (1917).

[2] While a court of equity will enjoin a threatened or anticipated nuisance under proper circumstances, courts are reluctant to enjoin the operation of a legitimate business enterprise, and where the

thing complained of is not a nuisance *per se,* but may or may not become a nuisance, depending upon circumstances not yet existing, and the injury apprehended is merely contingent or eventual, equity will not interfere. *Hooks v. Speedways,* 263 N.C. 686, 140 S.E. 2d 387 (1965). In that case the Court, speaking through Moore, J., said [quoting from *Pennsylvania Co. v. Sun Co.,* 138 A. 909, 55 A.L.R. 873 (Pa. 1927)]:

> "Where it is sought to enjoin an anticipated nuisance, it must be shown (a) that the proposed construction or the use to be made of property will be a nuisance *per se;* (b) or that, while it may not amount to a nuisance *per se,* under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing. . . . The injury must be actually threatened, not merely anticipated, it must be practically certain, not merely probable. It must further be shown that the threatened injury will be an irreparable one which cannot be compensated by damages in an action at law."

In *Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662 (1952), plaintiffs sought to enjoin the erection and operation near their residences of a hammer feed mill for processing corn and other grains. A temporary restraining order was issued and, upon a show cause hearing, continued to the hearing. Defendants appealed and, in the Supreme Court, demurred *ore tenus.* In sustaining the demurrer, the Court said:

> "The general rule established in this jurisdiction is that when the owner of property is about to engage in a business enterprise which may or may not become a nuisance according to the manner in which it may be conducted, courts usually will not interfere in advance to restrain such an undertaking, especially when the apprehended injury is 'doubtful, or contingent or eventual.' This is true when the business may be of some benefit to the community and the injury threatened relates to the comfort and convenience of complainants rather than such as imports immediate and serious injury to health or property rights. . . . To justify interference with defendant's right of property it must be made to appear that the proposed mill either *per se* or necessarily in the manner of its operation will become a nuisance. (Citations omitted.)"

[3]     Plaintiffs here allege that they are informed and believe that defendants have other hog buying stations which give off offensive odors, that they are advised the proposed station will be similar to the others, that defendants will have 200 hogs daily and plaintiffs

are informed and believe conditions created thereby will cause flies and other insects with the constant inherent danger of disease and germs. Even if it be conceded that the allegations are facts admitted by demurrer, the mere fact that defendants have other hog buying stations which give off offensive odors causing annoyance and discomfort to some people in the neighborhood, is insufficient upon which to base a cause of action that the proposed station will constitute a nuisance when constructed. The allegations of the complaint "relate only to anticipated injuries which at this time are merely conjectural and contingent." *Wilcher v. Sharpe, supra.* No facts are alleged in the complaint which show substantial grounds for anticipating the injuries alleged or that a nuisance will be created.

The demurrer is, therefore, sustained. Plaintiffs are given leave to amend their complaint, if so advised. If they fail to do so, the action stands dismissed.

We do not wish to be understood as holding that plaintiffs may not take further action in the event the hog buying station should be operated in such a manner as to become a nuisance. It is incumbent upon the owners to conduct the same in such a manner that it will not become a nuisance and an annoyance to these plaintiffs and others similarly situated. Failing in this, they may subject themselves to correction and restraint by the courts upon proper application.

The cause is remanded for proceedings not inconsistent with this opinion.

Remanded.

MALLARD, C.J., and VAUGHN, J., concur.